No. 82-06

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

DENNY DEAN SHAW,

Defendant and Appellant.

Appeal from:  District Court of the Seventh Judicial District,
              In and for the County of McCone
              Honorable L. C. Gulbrandson, Judge presiding.

Counsel of Record:

For Appellant:

Francis J. McCarvel, Glasgow, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Arnie A. Hove, County Attorney, Circle, Montana

Submitted on briefs: April 29, 1982

Decided: July 15, 1982

Filed: **JUL 15 1982**

*Thomas J. Kearney* Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The defendant was found guilty of felony theft following a jury trial in the McCone County District Court. The defendant appeals from the District Court's denial of his motion for a new trial.

At the trial, Jacque Kutzler and James Norwood, who allegedly had been with the defendant at the time the crime was committed, testified for the prosecution. They stated that they had accompanied the defendant in his Suburban from Glendive, Montana, to Circle, Montana, on the evening of March 2, 1981, and that the three of them were at the Traveller's Inn in Circle from about 10:00 p.m. until the bar closed at about 2:00 a.m. They testified that the three of them then visited the defendant's wife staying until about 4:00 a.m. and that they then proceeded to the Vets Club where the defendant and Norwood broke into the building and stole cash and merchandise.

Kutzler also testified, over the defendant's objections, regarding threats allegedly made against her by the defendant shortly before the trial. In addition, the defendant's wife testified, also over the defendant's objections, regarding a visit she received from the defendant, Kutzler and Norwood on the night of the theft. The State also introduced evidence indicating that the tire tracks found outside the door to the Vets Club matched the tracks made by the defendant's Suburban. In addition, there was evidence that the defendant was familiar with the layout of the Vets Club as he had done electrical work at the bar four or five years prior to the theft.

The defendant's testimony differed from that given by

-2-

Kutzler and Norwood. He testified that he drove from Glendive to Circle alone in his El Camino and that Norwood and Kutzler had borrowed his Suburban that night. He admitted meeting Norwood and Kutzler at the Traveller's Inn and proceeding with them to his wife's house after leaving the bar, but he claims that the three parted company after they left his wife's house. He stated that he knew nothing about the theft. Ron Hedstrom testified for the defendant stating that the defendant did have his El Camino in Circle that night. However, there was also evidence to the contrary. The police officer who had been on duty the night of the theft testified that he saw the defendant's Suburban in Circle that night but he did not see the El Camino.

Three issues are presented for review:

1. Did the District Court err in allowing the defendant's wife to testify?

2. Did the District Court err in allowing witness Kutzler to testify as to threats allegedly made by the defendant?

3. Was sufficient independent evidence presented at trial to corroborate the accomplice testimony?

The defendant contends that it was prejudicial error to allow his wife to testify. This issue was recently addressed in State v. Roberts (1981), ___ Mont. ____, 633 P.2d 1214, 38 St.Rep. 1551. In that case we stated that under Montana law if the defendant is married at the time of trial, the spouse is incompetent to testify either for or against the defendant without his consent, subject to certain exceptions which are not applicable here. Section 46-16-212, MCA; State v. Roberts, supra. This Court went on

to hold that the error in allowing the spouse to testify was harmless in that case because the spouse's testimony was essentially identical to the defendant's. We have a similar situation here, and we find that the error in this case was also harmless. The entire testimony given by the defendant's wife is set forth below:

"Q. What is your name and address for the record, please? A. Anne Shaw, Circle, Montana.

"Q. What is your occupation? A. Nurse's aide.

"Q. What is your affiliation -- what is your relationship with the defendant, Denny Dean Shaw? A. I'm his wife.

"Q. Where were you in the early morning of March 3, 1981? A. At my home in bed.

"Q. Were you awakened in the early morning hours? A. Yes.

"Q. Can you remember about what time you were awakened? A. At 2:35.

"Q. Who awoke you? A. Denny.

"Q. Who were those -- were there any people with Denny? A. Yes, there were.

"Q. Can you recall who these people were? A. There was a girl named Jackie and a boy named Jamie.

"Q. Did you talk with these people? A. A little bit.

"Q. About what time did these people leave? A. Ten to four.

"Q. Do you remember the order in which these people left? A. Yes.

"Q. Could you give me that order? A. Jackie and then Denny and then Jamie.

"Q. How many minutes apart would that be? A. Two or three minutes."

The defendant himself testified that he went to his wife's house with Norwood and Kutzler about 2:30 and stayed until just about 4:00. He went on to state that Jackie left first, then he left and went out to the porch, and then

Jamie left, and then he went back in the house just long enough to pick up some pants. Since the testimony given by the defendant's wife was essentially identical to the defendant's, the error was clearly not prejudicial.

The next issue is whether the District Court erred in allowing witness Kutzler to testify regarding threats allegedly made by the defendant. The defendant argues that this testimony was evidence of other crimes, wrongs or acts and as such was inadmissible under Rule 404(b), Mont.R.Evid. The defendant further contends that even if this Court were to find that the evidence is admissible under Rule 404(b), Mont.R.Evid., the District Court nevertheless erred in allowing the evidence to be introduced when the procedural safeguards established in State v. Just (1979), ___ Mont. ____, 602 P.2d 957, 36 St.Rep. 1649, were not followed.

The statute in question provides as follows:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Rule 404(b), Mont.R.Evid.

The statutory list of purposes for which other crime evidence may be admitted is not inclusive. State v. Gone (1978), 179 Mont. 271, 587 P.2d 1291. Such evidence may be admitted to prove consciousness of guilt. State v. Gone, supra. In this case the testimony regarding the threats allegedly made by the defendant to one of the prosecution's key witnesses was properly admitted for that purpose. "In a criminal prosecution any attempted intimidation of a witness is properly attributable to a consciousness of guilt and testimony relating thereto is relevant and admissible in

-5-

evidence." People v. Smith (1972), 3 Ill.App.3d 958, 279 N.E.2d 512, 513.

The defendant contends that this evidence should not have been admitted because the four element test of admissibility established in *Just*, supra, was not met and the mandatory procedural requirements set forth in *Just* were not followed. We disagree. Both the admissibility test and the procedural requirements found in *Just* pertain to evidence of other prior crimes but do not apply to evidence establishing consciousness of guilt regarding the crime with which the defendant is charged.

> "'Generally, evidence of other offenses or of other similar acts at other times is inadmissible for the purpose of showing the commission of the particular criminal offense charged. State v. Taylor, 163 Mont. 106, 120, 515 P.2d 695 (1973). The reason is that the defendant is entitled to be informed of the offense charge [sic] so that he need prepare his defense only to that particular offense. Proof of other offenses subjects him to surprise and to a defense of multiple collateral or unrelated issues. State v. Jensen, 163 Mont. 233, 455 P.2d 631 (1969) . . .'" *Just*, supra, 602 P.2d at 960, quoting State v. LaVe (1977), 174 Mont. 401, 571 P.2d 97, 100.

Presenting evidence of an attempted intimidation of a witness does not interfere with the defendant's right to be informed of the offense charged; such evidence pertains to the crime charged by indicating consciousness of guilt.

The defendant next argues that even if such evidence was relevant its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury and therefore the evidence should not have been admitted according to Rule 403, Mont.R.Evid. We disagree. The evidence was important as proof of consciousness of guilt, and its probative value outweighs any preju-

dice to the defendant. This evidence did not cause confusion of the issues nor did it mislead the jury. The District Court did not err in allowing Kutzler to testify regarding the alleged threats.

The last issue is whether there was sufficient independent evidence to corroborate the accomplice testimony. Under Montana law a defendant cannot be convicted of a crime solely upon the testimony of an accomplice. Section 46-16-213, MCA, provides:

> "A conviction cannot be had on the testimony of one responsible or legally accountable for the same offense, as defined in 45-2-301, unless the testimony is corroborated by other evidence which in itself and without the aid of the testimony of the one responsible or legally accountable for the same offense tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

Kutzler and Norwood were accomplices of the defendant and the defendant contends that their testimony was insufficiently corroborated.

With regard to corroborating evidence the Court has stated:

> "'. . . the corroborating evidence may be supplied by the defendant or his witnesses; it may be circumstantial evidence; it need not be sufficient to sustain a conviction or establish a prima facia case of guilt; and it need not be sufficient to connect the defendant with the crime but must <u>tend</u> to connect him with the crime. . .'" State v. Casagranda (1981), ___ Mont. ___, 637 P.2d 826, 830, 38 St.Rep. 2122, 2128-2129, quoting State v. Standley (1978), 179 Mont. 153, 586 P.2d 1075, 1077.

We find that there is sufficient corroborating evidence to tend to connect the defendant with the theft at the Vets Club. The defendant admitted that he was with

Norwood and Kutzler the evening of the crime, the tire tracks found near the Vets Club matched the tire tracks made by the defendant's Suburban, there was evidence that the Suburban was the only vehicle owned by the defendant that was in Circle that night, and the defendant was familiar with the layout of the Vets Club. This evidence was sufficient to corroborate the testimony given by Norwood and Kutzler.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices