UNITED STATES of America,
Plaintiff-Appellee,

v.

Eddie Lee WILLIAMS,
Defendant-Appellant.

No. 83–2195.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 21, 1984.
Decided July 24, 1984.

**298**

Robert L. Merriwether, Jr., East St. Louis, Ill., for defendant-appellant.

Bruce E. Reppert, Asst. U.S. Atty., Frederick J. Hess, U.S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Before ESCHBACH and FLAUM, Circuit Judges, and MARSHALL, District Judge.[*]

FLAUM, Circuit Judge.

This is an appeal from a conviction following a jury trial in which the defendant was found guilty on four counts of transporting stolen motor vehicles in interstate commerce in violation of the Dyer Act, 18 U.S.C. § 2312 (1982) and of aiding and abetting the commission of Dyer Act violations, 18 U.S.C. § 2 (1982). The defendant alleges several trial errors that he says deprived him of a fair trial. For the reasons stated below, we agree that the defendant did not receive a fair trial, and we vacate the defendant's conviction and remand for a new trial.

## I.

Several years ago, the Federal Bureau of Investigation (FBI) established an undercover business in southern Missouri. This business purchased salvaged wrecked automobiles from insurance companies and sold the public Vehicle Identification Number (VIN) tags to persons who then used them to retag stolen automobiles and sell them. The purpose of the FBI operation was to investigate and identify persons involved in the retagging of stolen automobiles in the St. Louis, Missouri, area. As a result of this FBI investigation, the defendant was implicated in a scheme involving the theft, retagging, and resale of four automobiles.

At the defendant's trial, four witnesses testified that they had purchased an automobile from the defendant and had taken delivery from him in Illinois some time in 1981 or early 1982. Evidence then was introduced to show that each of these automobiles delivered by the defendant had been stolen a short time earlier from individuals living in St. Louis. Each of these stolen automobiles contained a VIN tag sold by the FBI's undercover business to two suspected dealers of stolen automobiles, L.C. Kirkwood and Lee Morgan. The prosecution's theory was that the defendant had acted as a middleman between Kirkwood and Morgan and the purchasers of the stolen automobiles. The defendant admitted to working as a delivery man for Kirkwood and Morgan, but claimed that he did not know that the vehicles that he was delivering were stolen. Thus, the defendant's state of mind was the key issue in the case.

After a three-day jury trial, the defendant was found guilty on all four counts charged in his indictment. His post-trial motions were denied and he was sentenced to a total of six years in prison. He then brought this appeal.

## II.

■ Although the defendant makes several arguments on appeal, we find two sufficiently persuasive in this factual context to warrant reversal. The defendant's first argument is that he was denied a fair trial because the prosecutor commented in his closing argument on the defendant's failure to call L.C. Kirkwood as a witness.[1]

---

[*] The Honorable Prentice H. Marshall, District Judge for the Northern District of Illinois, Eastern Division, is sitting by designation.

1. The incident occurred as follows:

> PROSECUTOR: ... Now, the defendant, at least through the defense counsel, through his cross examination, attempted to establish various explanations of the source of these vehicles. He certainly didn't bring in Mr. Kirkwood. As a matter of fact, the defense—
> DEFENSE COUNSEL: I object, Your Honor.
> THE COURT: Sustained. The Jury will disregard the last remark of counsel. Strike it from your minds.
> April 20 Transcript at 73–74.

The defendant claims that this comment unfairly and improperly placed the burden of proof on him to prove his innocence. The second error alleged by the defendant occurred during the testimony of one of the prosecution's witnesses, a detective with the St. Louis Police Department. The prosecutor asked the detective whether the defendant was known by any aliases. The defense counsel objected, but the trial court permitted the detective to state that he knew the defendant as "Fast Eddie." The defendant contends that this testimony caused him undue prejudice and should not have been permitted.[2]

Turning first to the prosecutor's remark about L.C. Kirkwood, the rule in this circuit is that before a party may raise to the jury the possibility of drawing an inference from the other party's failure to call a particular witness, that party must show that "the absent witness was peculiarly within the other party's power to produce," and that the testimony of the absent witness "would elucidate issues in the case." *United States v. Mahone*, 537 F.2d 922, 926–27 (7th Cir.1976). Both comment by counsel and instruction by the judge are prohibited if either of these requirements is not met. *Id.* The former requirement "is met both when a witness is physically available only to the opposing party, and when the witness has a relationship with the opposing party 'that would in a pragmatic sense make his testimony unavailable to the opposing party regardless of physical availability.'" *Id.* at 926 (citations omitted).

█ In the present case, the government has not argued that L.C. Kirkwood was peculiarly within the defendant's power to produce, and we have no reason to believe that this in fact was the case. The district court apparently believed the prosecutor's remark was improper, since it instructed the jury to disregard the remark. In view of these circumstances, we find that the prosecutor's comment constituted error.

We now turn to the other error alleged by the defendant, the police detective's testimony. The defendant argues not only that "Fast Eddie" is a nickname suggesting a bad character, but also that the fact that a police detective stated that he knew the defendant as "Fast Eddie" intimated to the jury that the defendant was known to be involved in criminal activity. Thus, the defendant argues, the detective's statement should have been excluded from evidence as more prejudicial than probative under Rule 403 of the Federal Rules of Evidence. The government responds by contending that "Fast Eddie" is a "neutral" name that did not suggest that the defendant had a criminal reputation or background, and that even if it did suggest this, its introduction into evidence does not constitute reversible error.

█ We find it self-evident that the testimony of a police detective stating that he knew the defendant as "Fast Eddie" might suggest to the jury that the defendant had some sort of history of or reputation for unsavory activity. We also agree with the defendant that the detective's testimony should have been excluded from evidence as more prejudicial than probative. As many courts have recognized, a prosecutor may introduce evidence of a defendant's alias or nickname if this evidence aids in the identification of the defendant or in some other way directly relates to the proof of the acts charged in the indictment. *See, e.g., United States v. Kalish*, 690 F.2d 1144, 1155 (5th Cir.1982), *cert. denied*, 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983) (defendant's alias admissible where it was used to conceal identity from arresting officer). *See also United States v. Clark*, 541 F.2d 1016, 1018 (4th Cir.1976); *United States v. Burton*, 525 F.2d 17, 19

---

**2.** The defendant also labels as error the prosecutor's later reference to him as "Fast Eddie," made during the prosecutor's closing argument. The defense counsel objected to this reference, and the trial court sustained the objection. We agree with the defendant and the trial court that this remark was improper. However, the incident was of relatively minor significance compared to the earlier testimony by the police detective that he knew the defendant as "Fast Eddie."

(2d Cir.1975); *United States v. Wilkerson,* 456 F.2d 57, 59 (6th Cir.), *cert. denied,* 408 U.S. 926, 92 S.Ct. 2506, 33 L.Ed.2d 337 (1972); *United States v. Miller,* 381 F.2d 529, 536 (2d Cir.1967), *cert. denied,* 392 U.S. 929, 88 S.Ct. 2273, 20 L.Ed.2d 1387 (1968).[3] In the instant case, however, the detective's testimony about the defendant's nickname was completely unrelated to any of the other proof against the defendant. The prosecution's only possible purpose in eliciting the testimony was to create an impression in the minds of the jurors that the defendant was known by the police to be an unsavory character or even a criminal. Thus, the detective's statement was tantamount to testimony about a defendant's character that is proffered to show the probability that the defendant acted in conformity with that character in a particular case. This type of evidence, of course, is not permitted in the prosecution's case-in-chief, on the theory that it causes defendants undue prejudice and denies defendants the opportunity to defend against the particular charges against them. Fed. R.Evid. 404(a); *Michelson v. United States,* 335 U.S. 469, 475–76, 69 S.Ct. 213, 218–19, 93 L.Ed. 168 (1948). Therefore, it was improper for the prosecutor to elicit the gratuitous testimony about the defendant's nickname, and the testimony should not have been permitted.

**3.** In most of the cases addressing the admissibility of a defendant's alias, it is the fact that the defendant used an alias that is considered prejudicial (or probative). *See, e.g., United States v. Wilkerson,* 456 F.2d at 57. In some cases, however, such as the present case, it is the alias or nickname itself that might be considered prejudicial. *See, e.g., United States v. Clark,* 541 F.2d at 1018 (defendant's nickname was "Mauser," a type of German gun).

**4.** On the facts of this case, we consider the testimony concerning "Fast Eddie" to be a more prejudicial error than the reference to L.C. Kirkwood's failure to testify. Standing alone, the prejudice from the improper remark regarding Kirkwood clearly would not be sufficient to warrant reversal. The defense objected to the remark immediately and the court promptly instructed the jury to disregard the remark. The intervention by the court mitigated the prejudicial effect of the prosecutor's remark. *See*

■ Having found error in the defendant's trial, we must consider the question of prejudice. We hold that on the facts of this case the testimony concerning "Fast Eddie" was unduly prejudicial to the defendant's defense, particularly when viewed in combination with the prosecutor's improper comment on the defendant's failure to call L.C. Kirkwood as a witness.[4] Whenever the prosecution improperly introduces evidence relating to a defendant's bad character, there is always a danger that the evidence will cause the defendant undue prejudice. *Michelson v. United States,* 335 U.S. at 475–76, 69 S.Ct. at 218–19. In this case, the detective's statement seems particularly prejudicial, since the defendant's only defense was that he did not know that the vehicles that he was transporting were stolen. It is quite possible that this would be viewed as an unlikely story when told by someone known to the police as "Fast Eddie." The testimony also was particularly prejudicial because no other evidence relating to the defendant's character, reputation, or criminal past was introduced at trial. The court had ruled prior to trial that evidence of an earlier criminal conviction would be admissible to impeach the defendant's credibility as a witness. However, the defendant elected not to take the stand, and this evidence never was introduced. Thus, by the time the case was submitted to the jury, the

*United States v. Lomprez,* 472 F.2d 860, 864 (7th Cir.), *cert. denied,* 411 U.S. 965 (1973); *United States v. Miller,* 460 F.2d 582, 588 (10th Cir. 1972); *United States v. Smith,* 436 F.2d 787, 790–91 (5th Cir.), *cert. denied,* 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971); *Smith v. United States,* 336 F.2d 941 (D.C.Cir.1964), *cert. denied,* 385 U.S. 1017, 87 S.Ct. 736, 17 L.Ed.2d 554 (1967). Any lasting prejudice was mitigated further by the trial court's later instruction to the jury that the defendant had no burden or duty to call any witnesses or produce any evidence. *See United States v. Wooten,* 688 F.2d 941, 947 (4th Cir.1982); *United States v. Martinez,* 616 F.2d 185, 187 (5th Cir.1980), *cert. denied,* 450 U.S. 994, 101 S.Ct. 1695, 68 L.Ed.2d 193 (1981); *United States v. Clarke,* 468 F.2d 890, 891 (5th Cir.1972). *Cf. United States v. Muscarella,* 585 F.2d 242, 251 (7th Cir.1978) (judge's instruction was contemporaneous with improper comment).

detective's testimony about "Fast Eddie" had gained significance as the only evidence relating to the defendant's character, reputation, or background.

If the properly admitted evidence of the defendant's guilt had been very strong, we might find the errors in this case to be harmless. *See, e.g., United States v. Hoffman,* 415 F.2d 14, 21 (7th Cir.), *cert. denied,* 396 U.S. 958, 90 S.Ct. 431, 24 L.Ed.2d 423 (1969). However, that was not the case here. The prosecution presented only slight evidence that the defendant actually knew he was transporting stolen vehicles.[5] Indeed, after the defense rested its case, the trial judge remarked that the prosecution's evidence on the knowledge question was "slim" and "very thin." April 20 Transcript at 54. The prosecution was relying not on evidence of the defendant's guilty knowledge, but on a well-established legal rule that possession by a defendant of a motor vehicle recently stolen creates a presumption or inference that the defendant knew that the vehicle was stolen. *See United States v. Meek,* 388 F.2d 936, 938 (7th Cir.), *cert. denied,* 391 U.S. 951, 88 S.Ct. 1855, 20 L.Ed.2d 866 (1968). Without this presumption, according to the trial court's own assessment, the prosecution's case "falls flat on its face." May 17 Transcript at 13. Even with the presumption, the prosecution's case was not overwhelming. The presumption of course is rebuttable, and the defendant attempted to rebut it by offering evidence that, in delivering motor vehicles from buyers to sellers, he was engaged in a practice that is perfectly legal and not uncommon. This defense apparently was plausible enough, and the prosecution's case weak enough, to cause the district court to remark, in considering the defendant's post-trial motions, that "this case is very, very close on the facts." May 17 Transcript at 13.[6] Under such circumstances, the errors discussed herein cannot be considered harmless. Accordingly, we vacate the defendant's conviction and remand for a new trial.

---

**5.** The prosecution's strongest evidence on the knowledge question was the testimony of an FBI agent who had interviewed the defendant in February of 1983, many months after the defendant's alleged Dyer Act violations had occurred. The agent testified that he asked defendant if he was aware that L.C. Kirkwood and Lee Morgan were in the stolen car business, and that the defendant answered "yes." Although it is possible to construe the defendant's response as an admission that he knew the vehicles were stolen at the time he was transporting them, this construction is not compelling. The FBI agent himself conceded on cross-examination that, because of the way his question was phrased, nothing in the defendant's response precluded the possibility that the defendant did not learn that Kirkwood and Morgan were in the stolen car business until some time after he had transported the stolen vehicles that led to his indictment, but before his FBI interview. *See* April 19 Transcript at 91–92, 94–95. It certainly is not surprising that the defendant knew and admitted knowing the nature of Kirkwood and Morgan's business at the time of his FBI interview, since by that time he had already been in communication with the St. Louis Police Department about the stolen vehicles.

**6.** Although the trial judge ultimately denied the defendant's post-trial motions, he apparently gave serious thought to granting the defendant a new trial. At the hearing on the defendant's post-trial motions, his closing remarks were as follows:

Well, you know, admittedly this case is very, very close on the facts. And although you point out two other things other than the presumption, without the presumption your case falls flat on its face. Being a close case, I think you have to look at everything else pretty closely too, including fast Eddie. And the comment about not calling Kirkwood. I'm going to take it under advisement but, you know, I'll be frank with you, the case really troubles me. It's one of those cases where you are in that gray area of where you don't want to substitute your opinion for that of the Jury because you are not the fact finder and I don't know whether I'm in that position or whether there just wasn't enough evidence for the Jury to consider. I don't know. It's a tough one. I'll take it under advisement. May 17 Transcript at 12–13.