25 F.3d 1059
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lamar LOWE, aka Lamar Robinson, aka "Crack," Defendant-Appellant.
 No. 93-5241.
 United States Court of Appeals, Tenth Circuit.
 June 3, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Lowe appeals his convictions for conspiracy (a) to commit armed bank robbery and (b) to use a firearm during a crime of violence, 18 U.S.C. 371; armed bank robbery, 18 U.S.C. 2113(a), (d) & 2; and use of a firearm during a crime of violence, 18 U.S.C. 924(c)(1). Mr. Lowe and three codefendants robbed a credit union; two codefendants plead guilty and testified against Mr. Lowe. On appeal, Mr. Lowe contends that the district court (1) improperly allowed the use of Mr. Lowe's nickname "Crack," a commonly used term for cocaine base, when Mr. Lowe's identity was not an issue, and (2) erred in admitting a codefendant's testimony that (a) Mr. Lowe suggested a bank robbery as a means of recouping the value of a "half-bird" (one half kilogram of cocaine) which had been stolen from him, IV 20, 22, 136-37, and (b) Mr. Lowe said he would remain in the getaway car during the robbery because "he [Mr. Lowe] did the stuff too many times. He wanted to turn us on to the game." IV R. 36. Our jurisdiction arises under 28 U.S.C. 1291. We affirm.
 
 
 2
 We review the district court's evidentiary rulings for an abuse of discretion. United States v. DeLuna, 10 F.3d 1529, 1531 (10th Cir.1993). The government was allowed to use the alias as part of its proof concerning the identity of the Defendant. See United States v. Clark, 541 F.2d 1016, 1018 (4th Cir.1976); United States v. Skolek, 474 F.2d 582, 586 (10th Cir.1973). Codefendant Keelan Woodard knew the Defendant as "Crack" and so testified. IV R. 135, 142-43, 148-49, 155-56, 163. Although Mr. Woodard also identified Mr. Lowe by his proper name, Mr. Woodard's testimony recounting the events indicates that he was familiar with the Defendant as "Crack." Id. at 135, 142. For this reason, the district court did not abuse its discretion in determining that the probative value was not substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. This is not a case in which the Defendant's nickname was unrelated to the proof at trial and interjecting it was solely for the impermissible purpose of establishing conduct in conformity with character. See United States v. Williams, 739 F.2d 297, 300 (7th Cir.1984).
 
 
 3
 Regarding the testimony about Mr. Lowe's desire to rob a bank to recoup the value of stolen cocaine and his reason for staying in the getaway car, we are in complete agreement with the trial judge's ruling and his comment thereon: "First of all, its not even 404(b). Each of the ... items that the Government says it wants are directly related to the crime itself." IV R. 12. Although the parties have approached admissibility under Fed.R.Evid. 404(b), the statements relate to the motive for and structure of this crime. See United States v. Robinson, 978 F.2d 1554, 1562 (10th Cir.1992), cert. denied, 113 S.Ct. 1855, 2938 (1993). When viewed in that context, the acts are not extrinsic, but rather are inextricably intertwined with the evidence concerning this robbery. See United States v. Sasser, 971 F.2d 470, 479 (10th Cir.1992), cert. denied, 113 S.Ct. 1292 (1993); United States v. Record, 873 F.2d 1363, 1372 n. 5 (10th Cir.1989). The evidence being relevant, the district court did not abuse its discretion in determining probative value was not substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. Thus, the judgment is
 
 
 4
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument