No. 01-569

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 317

STATE OF MONTANA,

Plaintiff and Respondent,

v.

FRANCISCO RODARTE,

Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John Keith, Attorney at Law, Great Falls, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Cregg W. Coughlin,
Assistant Attorney General, Helena, Montana

Brant Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: August 29, 2002

Decided:  December 19, 2002

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Appellant Francisco Rodarte ("Rodarte") was convicted in the Eighth Judicial District Court, Cascade County, on four counts of Incest, a felony, pursuant to § 45-5-507, MCA. Rodarte appeals his conviction. We affirm the District Court.

¶2 We address the following issues on appeal:

¶3 Did the State make an improper closing argument, and if so, should the District Court have granted Rodarte's motion for mistrial?

¶4 Did the District Court improperly allow evidence which should have been excluded under Rule 404(b), Mont.R.Evid.?

BACKGROUND

¶5 Rodarte and Mona Ekblad, now his ex-wife, are the parents of two children. One evening in October of 1999, Rodarte's then eight-year-old daughter disclosed to her mother, Mona, that her father had been touching her. After the victim had told Mona that Rodarte touched her, Mona overheard Rodarte in the bedroom tell the victim to "keep it a secret, otherwise if she was to tell anybody he would be put away for a long period of time." Rodarte also told Mona that the victim "just makes me hot." On another occasion, Rodarte said to Mona's brother, Dean Ekblad, "I don't know what it is about [my daughter], but she makes me hot."

¶6 Mona waited until she thought she had sufficient information and then reported the situation to the police. Rodarte was arrested in February of 2000. In April of that year, Rodarte mailed a letter to Mona in which he wrote:

2

> Well, they are going to drop three of my charges and then I may go up for 200 years. That is what I am looking at. And that is not good at all. If you and [the victim] don't show up, I can get off and get out.

¶7 At trial, the victim testified that Rodarte would "hump" her and that she felt his "wiener" on more than one occasion. She testified further that while on the floor watching television, Rodarte would lie beside her and put his finger into her vagina. Rodarte was convicted on four counts of Incest, in violation of § 45-5-507, MCA. On appeal, Rodarte argues the District Court should have granted his motion for mistrial based upon statements made in the prosecution's closing argument. Rodarte also argues that the District Court improperly admitted evidence that should have been excluded under Rule 404(b), Mont.R.Evid.

## STANDARD OF REVIEW

¶8 We review a district court's grant or denial of a motion for a mistrial to determine whether the court abused its discretion. *State v. Gladue*, 1999 MT 1, ¶ 11, 293 Mont. 1, ¶ 11, 972 P.2d 827, ¶ 11.

¶9 The standard of review for evidentiary rulings is whether the district court abused its discretion. *State v. Gollehon* (1993), 262 Mont. 293, 301, 864 P.2d 1257, 1263. The determination of whether evidence is relevant and admissible is left to the sound discretion of the trial judge and will not be overturned absent a showing of abuse of discretion. *Gollehon*, 262 Mont. at 301, 864 P.2d at 1263.

3

DISCUSSION

ISSUE ONE

¶10  Did the State make an improper closing argument, and if so, should the District Court have granted Rodarte's motion for mistrial?

¶11  Following the State's closing argument, Rodarte moved for a mistrial.  The District Court denied the motion.  Rodarte predicated his motion on several grounds, all of which we address below.

¶12  During the State's closing argument, the prosecutor pointed out that Rodarte did not offer any reason the witnesses may have lied or made up their testimony.  The prosecutor stated: "Nothing has been offered from that witness stand that has told you any reason why any of these people would lie or make this up.  He could have inquired into any of them.  Why?  Why?  Why?  Is there any kind of bad relationship among you?  Why would [the victim] name her father?"

¶13  Rodarte contends that it is error for the prosecution to make arguments based on failure of the defense to elicit testimony from witnesses or call witnesses.  Rodarte cites, without any discussion, two cases in support of this contention: *U.S. v. Viera* (5th Cir. 1987), 819 F.2d 498 and *U.S. v. Williams* (7th Cir. 1984), 739 F.2d 297.  Neither *Viera* nor *Williams* supports the proposition for which Rodarte cites them.  In both *Viera* and *Williams*, the issue was whether it was permissible for the prosecution to raise

4

to the jury the possibility of drawing an inference from the other party's failure to call a particular witness.

¶14  Here, the prosecution referenced the defense's failure to put on evidence which contradicted testimony of witnesses for the prosecution, not why the defense failed to put on a particular witness.  While it is improper for the prosecution to comment on the failure of a defendant to testify on his own behalf, the prosecution is permitted to point out facts at issue which could have been controverted by persons other than the defendant, but were not.  *Lockett v. Ohio* (1978), 438 U.S. 586, 98 S.Ct 2954, 57 L.Ed.2d 973.

¶15  Rodarte also contends that his motion for mistrial should have been granted because of the prosecution's repetition of the fact that the victim's statements were not contradicted.  Rodarte's brief makes no reference to legal authority to support his argument regarding repetition.  Rule 23(a)(4), M.R.App.P., requires that an appellant present a concise, cohesive argument which "contain[s] the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and pages of the record relied on."  This Court has repeatedly held that we will not consider unsupported issues or arguments.  Similarly, this Court is under no obligation to locate authorities or formulate arguments for a party in support of positions taken on appeal.  *In re Marriage of McMahon*, 2002 MT 198, ¶ 6, 311 Mont. 175, ¶ 6, 53 P.3d 1266, ¶ 6.

ISSUE TWO

5

¶16 Did the District Court improperly allow evidence which should have been excluded under Rule 404(b), Mont.R.Evid.?

¶17 Before trial, the District Court denied Rodarte's motion in limine to exclude certain evidence under Montana Rule of Evidence 404(b). Rule 404(b), Mont.R.Evid., states:

> **Other Crimes, Wrongs, Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

¶18 The evidence Rodarte sought to exclude consisted of statements he made to his wife's brother, Dean Ekblad, that he thought his own daughter was "hot" and that he didn't worry about sex because he could just go to another bedroom, and letters he sent to his wife, Mona Ekblad, stating that if Mona and their daughter did not show up in court, he could "get off and get out."

¶19 Rodarte first argues that the statements made to Dean Ekblad were neither a part of the case against Rodarte nor an admission or a confession, and therefore not admissible into evidence. The prosecution is permitted to introduce evidence which tends to explain the circumstances surrounding the alleged offense if the evidence is relevant, probative, and competent. *State v. Bauer*, 2002 MT 7, ¶ 22, 308 Mont. 99, ¶ 22, 39 P.3d 689, ¶ 22. Rodarte's contention that the statements he made to Dean Ekblad were "wholly independent of the crime charged" is not correct. Rodarte was charged with incest, and statements he made that his daughter was

6

"hot" and that he didn't worry about sex because he could just go to another bedroom are clearly relevant, probative and competent.

¶20  Second, Rodarte claims that the letter he wrote to Mona Ekblad was the basis of a separate charge against him for intimidation, and therefore not admissible in his trial for incest pursuant to Montana Rule of Evidence 404(b).  The State brought a separate charge against Rodarte based upon the letter, but it was later dismissed.  Rodarte argues that the letter was inadmissible because the prosecution failed to comply with the requirements of *State v. Just* (1979), 184 Mont. 262, 602 P.2d 957.  *Just* sets forth procedures for introduction of evidence for other crimes not charged, which requires notice be given to the defendant that such evidence is to be introduced.  *Just*, 184 Mont. at 274, 602 P.2d at 963-64.

¶21  In *State v. Shaw* (1982), 199 Mont. 248, 252, 648 P.2d 287, 289-90, we stated that "[i]n a criminal prosecution any attempted intimidation of a witness is properly attributable to a consciousness of guilt and testimony relating thereto is relevant and admissible in evidence."  While it appears the letter to Mona was an attempt at witness tampering, another crime, it is also evidence which tends to show guilt which is admissible under *Shaw*.

¶22  In summary, we find that the District Court properly denied Rodarte's motion for mistrial and Rodarte's statements to Dean Ekblad and the letter to Mona Ekblad were properly admitted into evidence.

¶23  Affirmed.

                              /S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ TERRY N. TRIEWEILER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE