JUSTICE RICE
dissenting.
¶26 I respectfully dissent.
¶27 I agree with the legal reasoning provided by the Court, and the rule which results therefrom: a sentencing court may consider lack of remorse, but it “may not draw a negative maintained, throughout the proceedings, that he did not commit the offense of which he stands convicted ....” I have no disagreement with this principle; it is the application here, based upon this record, with which I disagree. I simply do not draw the conclusion from the record as a whole, as the Court does, that the District Court imposed sentence on the basis of the Defendant’s silence.
¶28 After taking arguments from counsel, the sentencing court first asked the Defendant if he wanted say something, adding, ‘You don’t have to say anything.” Thus, the court specifically acknowledged Defendant’s right to remain silent. After the Defendant declined, the court then stated that it intended to impose a parole restriction based upon the pre-sentence investigation. The PSI had presented a devastating picture of the Defendant, concluding that he had not been *262 required by his family to take responsibility for previous actions, that his chances of rehabilitation were “very poor,” but further, and most significantly, that the Defendant did not value human life (“he has no regrets about taking the life of another”) and had belittled the victim’s death (quoting Defendant as stating “I’m a better shot than that”). This certainly supported a conclusion that the Defendant lacked remorse for the crime or for the loss of human life.
¶29 Then, the court stated:
[A]s we sit here, you’ve given us nothing as to why this happened. So what we’ve got is what appears to be the premeditated killing of an individual with no remorse or responsibility shown on your part.
I understand from this comment that the court was summing up the evidence which had been presented to it. As was his right, acknowledged by the court, the Defendant had offered nothing. He offered no evidence to rebut the PSI or to suggest an alternative to its recommendations. Thus, the court was left to make a decision based upon the State’s evidence, and I find the court’s simple noting of that conclusion to be innocuous. Just as a prosecutor can argue in trial that the defense has failed to offer opposition to the State’s witnesses without it being considered an improper comment upon a defendant’s right to silence, State v. Rodarte, 2002 MT 317, 313 Mont. 131, 60 P.3d 983, it is permissible for a judge to state that the State has provided evidence and the defendant has not. A sentencing judge is certainly entitled to assume that the presumption of innocense no longer exists, and that the defendant stands guilty of the crime charged. That a sentencing judge makes comments reflecting on these principles should not invalidate the sentence.
¶30 My interpretation of the sentencing court’s comments is confirmed by the written judgment, which cites lack of remorse and other factors in support of the sentence, but states nothing about the Defendant’s silence nor his failure to admit to the crime. It is also notable that, during the oral imposition of sentence, the court did not state that it was imposing a sentence based upon the Defendant’s silence or his failure to admit to the crime. That conclusion is one which the Court draws from its interpretation of the judge’s words.
¶31 I would affirm.