No. 02-158

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 32N

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

LANCE JENSEN BARKER,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Eleventh Judicial District,
                     In and for the County of Flathead, Cause No. DV-2001-576B
                     Honorable Katherine R. Curtis, Judge Presiding


COUNSEL OF RECORD:

      For Appellant:

          Lance Jensen Barker, *pro se*, Helena, Montana

      For Respondent:

          Honorable Mike McGrath, Attorney General; C. Mark Fowler,
          Assistant Attorney General, Helena, Montana

          Thomas Esch, County Attorney; Richard M. Hickel,
          Deputy County Attorney, Kalispell, Montana


                     Submitted on Briefs:  July 18, 2002

                                 Decided:  February 25, 2003

Filed:

                                Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Lance Jensen Barker petitioned the Eleventh Judicial District Court, Flathead County, for postconviction relief from a criminal judgment based on an inconsistency between the oral pronouncement of sentence and the written judgment and sentence. The District Court denied the petition for postconviction relief, and Barker appeals. We affirm.

¶3 We restate the issue as whether the sentencing court's use of the term "in aggravation" in its written judgment violates sentencing statutes and creates an unlawful inconsistency with the sentence orally imposed.

¶4 Barker pled guilty to theft and forgery and was sentenced to five years in prison. In its written judgment, the court referred to the sentencing hearing as "a hearing in aggravation and mitigation of sentence." The court further wrote:

> In imposing this sentence, the Court finds *in aggravation* that the Defendant has four prior felonies and that he has shown no remorse for the thefts, has been non-compliant on probation, has previously been incarcerated in Montana State Prison and he is still not successful in addressing his chemical dependency issues and denies that he has a problem, continues to use alcohol, and has not complied with treatment required for chemical dependency treatment.

(Emphasis added.)

¶5     Barker filed a *pro se* petition for postconviction relief on several grounds relating to the court's use in the written judgment of the words "in aggravation," pointing out that the court had not used those words at oral imposition of sentence. The District Court dismissed Barker's petition as a matter of law for failure to state a claim for relief. We review the denial of postconviction relief to determine whether the district court's findings are clearly erroneous and whether its conclusions of law are correct. *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9.

¶6     Barker contends the District Court's use of the words "in aggravation" in the written judgment was erroneous in several respects. He contends he was sentenced unlawfully under § 46-18-303, MCA; that the written judgment does not conform to the sentence orally imposed in violation of *State v. Lane*, 1998 MT 76, ¶ 48, 288 Mont. 286, ¶ 48, 957 P.2d 9, ¶ 48; and that he was entitled to be sentenced pursuant to §§ 46-18-201 and -225, MCA.

¶7     Section 46-18-303, MCA, describes aggravating circumstances in a death penalty case. That statute is inapplicable here, where the death penalty was not a sentencing option. Therefore, Barker's declaration that the "aggravating" circumstances found by the District Court in his case are not aggravating factors enumerated in § 46-18-303, MCA, is of no consequence. Barker has not–nor could he have–established that the District Court invoked the death penalty procedures set forth in § 46-18-303, MCA, merely by using the words "in aggravation" in its written judgment. Moreover, factors "in aggravation" also are properly considered in sentencing in non-capital criminal cases. *See* § 46-18-101(3)(d), MCA.

3

¶8    Barker next asks "how much difference must exist?" before an oral and written sentence conflict. He contends the District Court's written findings "in aggravation" conflict with his sentence as pronounced from the bench, in violation of *Lane*.

¶9    In *State v. Johnson*, 2000 MT 290, 302 Mont. 265, 14 P.3d 480, we discussed whether any portion of a written judgment that fails to conform or in some manner conflicts with an oral sentence renders the written judgment unlawful because of the inconsistency. After reviewing the development of Montana's case authority on this issue, including *Lane*, we concluded that, to answer this question, we needed to determine two things: first, whether the defendant was afforded the opportunity to respond to the allegedly inconsistent matter in the written judgment upon sufficient notice at sentencing; and, second, whether that portion of the written judgment substantively increased either the defendant's loss of liberty or his sacrifice of property. *Johnson*, ¶ 24.

¶10   Barker merely argues semantics by taking the position that the District Court's use of the words "in aggravation" in the written sentence implied additional factfinding or different reasons for the sentence than those relied upon at the oral sentencing, or that the factors cited were somehow impermissibly used against him as "aggravating." The factors to which the District Court referred as "in aggravation" in its written judgment were each noted by the court at the sentencing hearing, and Barker had an opportunity to respond to them at that time, as required under the first *Johnson* factor. As to the second *Johnson* factor, Barker's sentence in the written judgment precisely reflects the sentence orally imposed. The court's use of the words "in aggravation" in the written order but not in the

4

sentence orally imposed simply does not create a substantive difference between the final judgment and the court's oral pronouncement of sentence.

¶11 Finally, Barker suggests that the District Court's consideration of circumstances "in aggravation" somehow interfered with its duty to impose sentence pursuant to § 46-18-201, MCA, and to sentence him as a nonviolent felony offender pursuant to § 46-18-225, MCA. He has neither identified nor established any specific failure by the court to meet the requirements of these statutes. We will not consider unsupported arguments and are under no obligation to locate authorities or formulate arguments for a party in support of positions taken on appeal. *See* Rule 23(a)(4), M.R.App.P.; *State v. Rodarte*, 2002 MT 317, ¶ 15, 313 Mont. 131, ¶ 15, 60 P.3d 983, ¶ 15.

¶12 Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER

5