JUSTICE WARNER
dissents.
*547 ¶48 I dissent. The Court invents a burden on the State to somehow show beyond a reasonable doubt there is no reasonable possibility that Matt’s absence from the hearing at the close of the State’s evidence prejudiced him. The Court then ignores the record as well as § 46-20-701(1), MCA, and concludes the judgment must be reversed-not because Matt was prejudiced, but because the State did not present a sufficient response to an argument that Matt did not make.
¶49 Today, the Court sneaks up on the State by creating a new burden it must satisfy if prejudice is alleged. The Court’s holding today contravenes our holding in State v. Peters, 146 Mont. 188, 405 P.2d 642 (1965). In Peters, the defendant was not present on motions to exclude evidence and dismiss the information. The Court held a defendant’s constitutional and statutory right to be present at trial does not encompass proceedings before the court involving matters of law because he would have merely been a spectator. Peters, 146 Mont. at 196, 405 P.2d at 646-47. At the hearing in question in this case, only matters of law were discussed. As the record is complete, and Matt points to nothing of substance where he could have been of assistance to his counsel, nor to any error in the District Court’s rulings; this Court should not reverse a conviction on appeal because the State did not invent a prejudice argument for Matt and then proceed to successfully refute it.
¶50 No previous Montana precedent concerning the right to be present requires the State to satisfy a “burden.” See Mann, ¶¶ 12-17; State v. Riggs, 2005 MT 124, ¶ 54, 327 Mont. 196, ¶ 54, 113 P.3d 281, ¶ 54; Kennedy, ¶¶ 32-34; State v. Stroud, 210 Mont. 58, 67-68, 683 P.2d 459, 464 (1984); See also DuBray v. State, 2008 MT 121, ¶¶ 36-37, 342 Mont. 520, ¶¶ 36-37, 182 P.3d 753, ¶¶ 36-37. If a defendant’s right to be present at a critical stage of his trial is denied, courts are to review for possible constitutional violations “ ‘in light of the whole record.’ ” U.S. v. Rosales-Rodriguez, 289 F.3d 1106, 1110 (9th Cir. 2002) (quoting U.S. v. Gagnon, 470 U.S. 522, 526-27, 105 S. Ct. 1482, 1484 (1985)). ¶51 In Tapson there is a reference to “reasonable doubt.” Tapson, ¶ 31. But, the Court imposes no burden on the prosecution to show the error was harmless. Rather than place some sort of burden on the State at the appellate level, this Court should carefully examine the record to determine if the denial of the right to be present could have reasonably contributed to a conviction. If our examination of the record reveals a defendant was prejudiced by his absence, or if the record is inadequate to determine the defendant was not prejudiced by his absence, we have no choice but to reverse a conviction.
*548 ¶52 In Riggs, the Court determined the district court’s error was harmless because “the defendant ... made no persuasive claim of prejudice arising” from his absence when the court spoke to two jurors outside of his presence. Riggs, ¶ 54. The Court recently reiterated the Riggs language in DuBray. DuBray, ¶¶ 36-38. From this language in Riggs and DuBray, it is obvious a defendant must make a persuasive claim to the appellate court that he was prejudiced.
¶53 The Court today posits the State “incorrectfly] assum[ed]” Matt has the burden to demonstrate prejudice. Opinion, ¶ 44. However, there is no indication the State assumed anything. It responded in the only way it could to an unsupported assertion of prejudice-by pointing out that the record showed no prejudice. Riggs and DuBray stand for the proposition that a defendant who wishes his conviction reversed on appeal because he was absent from a hearing must point to something in the record indicating he might have been prejudiced. Matt did not do so. His real argument is that his absence constitutes structural error and reversal is automatic.
¶54 At the appellate level, parties do not present evidence to carry a “burden” of “persuading a fact-finder to view the facts in a way that favors that party.” Black’s Law Dictionary 190 (Bryan A. Garner ed., 7th ed., West 1999). They make arguments. This Court’s job is to consider the arguments, review the record, and then determine which party’s argument is more persuasive. By statute and applicable precedent, our appellate review of the record is not to be conducted in terms of burdens of proof. Rather, the decision is to be made by a review of the record to determine if the error resulted in prejudice, as required by § 46-20-701(1), MCA:
Whenever the record on appeal contains any order, ruling, or proceeding of the trial court against the convicted person affecting the convicted person’s substantial rights on the appeal of the cause, together with any required objection of the convicted person, the supreme court on that appeal shall consider the orders, rulings, or proceedings and the objections thereto and shall reverse or affirm the cause on the appeal according to the substantial rights of the respective parties, as shown upon the record. A cause may not be reversed by reason of any error committed by the trial court against the convicted person unless the record shows that the error was prejudicial.
Section 46-20-701(1), MCA. This approach is consistent with our analysis in Mann and Kennedy where, at the prejudice phase of the analysis, there are no discussions of burdens or standards of proof. *549 Mann, ¶¶ 19-21; Kennedy, ¶ 34.
¶55 The Court quotes Mann, saying: “[o]n the question of whether this violation required reversal, we first noted that, ‘we consider the effect the violation has on the defendant to determine whether the defendant suffered any conceivable prejudice.’ ” Opinion, ¶ 42. Mann does not place a burden on the State. The language quoted by the Court does not limit this Court’s ability to consider the entire record.
¶56 The Court’s statement in ¶ 14-that Matt argues the violation of his constitutional right to be present at the hearing at the close of the State’s evidence cannot be deemed harmless-is misleading. In the issues Matt presents for appellate review, he first recites a portion of what happened at the hearing, and then states, as a fact, his constitutional right to be present was violated. The thrust of Matt’s argument concerning this appeal issue is simply that this Court, in Bird and in Tapson, concluded a structural error existed if a defendant was not present at a critical stage of his trial, and had not waived his presence. Matt then acknowledges the Court backed away from that rule in Kennedy, but goes on to state that Kennedy is no longer good law as the United States District Court disagreed with that decision. Thus, Matt’s primary argument is that this Court should conclude his absence at the hearing in question was structural error, and thus the judgment must automatically be reversed.
¶57 In an offhand assertion, without even attempting a harmless error analysis, Matt’s brief states in a conclusory fashion that it is “easy to conceive” how his absence created prejudice. Matt does not make any argument supported by authorities that any of the rulings of the District Court at the hearing in question were erroneous, that things would have been different had he been there, or that he was in any way led astray. He only states in a conclusory fashion he was prejudiced.
¶58 In ¶ 15, the Court mentions that the State argued the in-chambers hearing was not a critical stage of the trial. The Court decides this was a critical stage of the trial. The Court then notes the State argued that a violation of a defendant’s right to be present is not necessarily a structural error. The Court agrees that Matt’s absence was not a structural error. The Court then reverses Matt’s conviction by overlooking that the State responded in the only way it could to Matt’s ofihand, unsupported claim he was somehow prejudiced by his absence at a critical stage of his trial. As Matt did not say how he was prejudiced, the State pointed out in its response brief that Matt failed to demonstrate how his absence prejudiced him.
*550 ¶59 Matt made no attempt to point out any error in the District Court’s rulings at the in-chambers hearing. He did not make a cogent argument how his presence would have made any substantial difference. Nor did he make any intelligible argument concerning how he suffered prejudice because of his absence. The Court has ignored its oft repeated rule that it will not consider unsupported arguments in support of positions taken on appeal. State v. Humphrey, 2008 MT 358, ¶ 11, 346 Mont. 150, ¶ 11, 194 P.3d 643, ¶ 11 (declining to consider an issue because defendant’s argument consisted of an “offhand assertion” supported only by one distinguishable case); State v. Ochadleus, 2005 MT 88, ¶ 32, 326 Mont. 441, ¶ 32, 110 P.3d 448, ¶ 32 (citing State v. Rodarte, 2002 MT 317, ¶ 15, 313 Mont. 131, ¶ 15, 60 P.3d 983, ¶ 15). Even under the Court’s incorrect analysis of the law, it is improper to reverse the judgment because the State did not adequately refute arguments Matt did not make.
¶60 The record affirmatively shows that Matt’s presence at the hearings would have been useless, as the District Court’s rulings were all correct. The United States Constitution and the Montana Constitution do not assure “‘the privilege of presence when presence would be useless, or the benefit but a shadow.’” State v. Schenk, 151 Mont. 493, 499, 444 P.2d 861, 864 (1968) (quoting Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 54 S. Ct. 330 (1934), overruled on other grounds, Malloy v. Hogan, 378 U.S. 1, 84 S. Ct. 1489 (1964)). The end result of this case is that a deliberate homicide conviction is reversed, based on the shadow of a benefit-at best-to Matt.
¶61 Matt and his counsel will be thrilled that the Court has taken this opportunity to reverse his conviction by creating a new appellate burden that he neither thought of nor argued for, and that the State had no inkling that it was required to satisfy. However, I dissent.
DISTRICT COURT JUDGE MCKINNON, sitting in for JUSTICE MORRIS, joins in the foregoing dissent.