NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1872
_____

UNITED STATES OF AMERICA

v.

ERIC BANKS,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1-18-cr-00131-001)
Honorable Jennifer P. Wilson, U.S. District Judge

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 24, 2023

Before: HARDIMAN, KRAUSE, and MATEY, *Circuit Judges*

(Filed: January 30, 2023)

_____

**OPINION**[*]

_____

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Eric Banks challenges his drug- and firearms-related convictions based on the District Court's denial of his motion to preclude testimony confirming his alleged use of certain nicknames. Because that evidentiary ruling was well within the District Court's discretion, we will affirm.

## I. DISCUSSION[1]

On appeal, Banks argues that exposing the jury to testimony identifying him with the nicknames "Guns" and "Sin" (1) was unfairly prejudicial, in violation of Federal Rule of Evidence 403, and (2) served as evidence of his propensity to commit the charged offenses, in violation of Federal Rule of Evidence 404(b). Neither argument is persuasive.

Under Rule 403, trial courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Because balancing these competing interests "requir[es] sensitivity on the part of the trial court to the subtleties of the particular situation," we must give "considerable deference . . . to the hands-on judgment of the trial judge." *Egan*, 851 F.3d at 275 (quotation omitted). Banks contends that, because the jury could have perceived the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's evidentiary rulings for abuse of discretion and will not reverse if the error was harmless. *See Egan v. Delaware River Port Auth.*, 851 F.3d 263, 275 (3d Cir. 2017). We review its interpretations of the Federal Rules of Evidence *de novo*. *See United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010).

names "Guns" and "Sin" to relate to the charged offenses and the witnesses just as easily could have identified him by his real name, these nicknames "offered no probative value other than to imply his guilt, propensity for wrongdoing, and involvement with firearms." Opening Br. at 9.

That argument, however, is foreclosed by our precedent. In *United States v. Williams*, we held that the introduction of an alias suggestive of criminal activity is permissible "where the evidence is relevant—including for purposes of identifying the defendant—and does not result in unfair prejudice." 974 F.3d 320, 356 (3d Cir. 2020) (citations omitted). We thus concluded that the district court reasonably allowed a witness to refer to the defendant by his nickname, "Killer," in the context of a racketeering trial—particularly as the district court was willing to give a limiting instruction. *Id.*

Here, the District Court likewise identified a number of grounds on which Banks's nicknames were relevant, including "the duration of the alleged drug trafficking conspiracy," "the proper identification of the defendant," and "information relied upon by the Government's expert witnesses." App. 4. These are valid evidentiary purposes under Rule 403. *See United States v. Farmer*, 583 F.3d 131, 146 (2d Cir. 2009) ("[T]he suggestiveness of the nickname has not required exclusion, especially when it helped to identify the defendant, *connect him to the crime, or prove other relevant matter*, or when coherent presentation of the evidence entailed passing reference to it." (emphasis added)); *cf. United States v. Williams*, 739 F.2d 297, 300 (7th Cir. 1984) (finding an abuse of discretion where "[t]he prosecution's *only possible purpose* in eliciting the testimony

3

[about the defendant's nickname] was to create an impression in the minds of the jurors that the defendant was known by the police to be an unsavory character or even a criminal" (emphasis added)).  Consistent with our decision in *Williams* and the Second Circuit's decision in *Farmer*, the District Court determined that the danger of unfair prejudice did not substantially outweigh the probative value of the nicknames.  Also, as in *Williams*, the District Court offered to provide a limiting instruction.  974 F.3d at 356.  Under these circumstances, the District Court's ruling "easily passes muster" under Rule 403 and was not an abuse of discretion.  *Id.*

Banks fares no better under Rule 404(b).  That rule provides that parties cannot use "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," Fed. R. Evid. 404(b)(1), but such evidence is admissible to prove other issues "such as . . . motive, opportunity, intent, preparation, plan, knowledge, [or] identity," Fed. R. Evid. 404(b)(2).

Banks contends that most of the District Court's justifications for introducing the nicknames do not count under Rule 404(b)(2), but his argument fails.  The witnesses' testimony that Banks was "Guns" and "Sin" was not offered to prove acts in conformance with bad character.  Instead, it was offered to establish "the duration of the alleged drug trafficking conspiracy" (*i.e.*, preparation, plan, and knowledge) and "the proper identification of the defendant" (*i.e.*, identity).  App. 4.

## II.  CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.

4