# IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 01-774

2001 MT 246

_____

**OPINION AND ORDER**

KEVIN GUNDRUM,

Petitioner,

v.

MIKE MAHONEY,

DEPARTMENT OF CORRECTIONS, et al.,

Respondent.

_____

¶1 Kevin Gundrum (Gundrum) petitions this Court for a writ of habeas corpus. We deny the writ.

¶2 The following issues are raised:

¶3 Does § 46-23-1012, MCA, apply to parole revocation proceedings?

¶4 Is the Petitioner entitled to good time credits?

¶5 Is the Petitioner entitled to credit for time served?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6 On March 24, 1987, the Eleventh Judicial District Court, Flathead County, sentenced Gundrum to a term of ten years at the Montana State Prison (MSP), with six suspended, for the felony offense of Issuing a Bad Check. On May 3, 1989, the court sentenced Gundrum to a term of sixteen years at MSP, with twelve suspended, for the felony offenses of Burglary and Forgery. Gundrum's suspended sentences were subsequently revoked.

¶7 The parole board granted Gundrum parole, however law enforcement authorities arrested Gundrum on a parole violation warrant on April 20, 2000. The Department of Corrections returned Gundrum to MSP and, after a hearing, the parole board revoked Gundrum's parole. Gundrum filed a writ of habeas corpus challenging the procedure underlying the revocation of his parole as well as the Department of Corrections' calculation of good time credits and credit for time served.

## DISCUSSION

¶8 Does § 46-23-1012, MCA, apply to parole revocation proceedings?

¶9 Subject to limitations, the writ of habeas corpus permits every person imprisoned or otherwise restrained of liberty to inquire into the cause of imprisonment or restraint and, if illegal, to be delivered from the imprisonment or restraint. Section 46-22-101(1), MCA.

¶10 Gundrum first alleges that he is illegally restrained because he was not afforded a probable cause hearing within 36 hours of his arrest as provided in § 46-23-1012(4), MCA (1999), and discussed in *State v. Giddings*, 2001 MT 76, 305 Mont. 74, 29 P.3d 475, and *State v. Goebel*, 2001 MT 155, 306 Mont. 83, 31 P.3d 340. In support of his argument, Gundrum points to the following language from our decision in *Goebel*:

> [T]he statute applies to those individuals whose <u>probation or parole</u> was revoked between April 28, 1999, the effective date of § 46-23-1012, MCA (1999), and May 1, 2001, the effective date of § 46-23-1012, MCA (2001).

*Goebel, ¶ 31 (emphasis added).*

¶11 The State claims that this language in *Goebel* referring to "probation or parole" revocations is an error. The State claims § 46-23-1012, MCA, applies only to probation violation proceedings. As such, the State argues that § 46-23-1012, MCA, *Giddings* and *Goebel* do not apply to Gundrum's arrest for parole violations or his parole revocation hearing.

¶12 We agree with the State. Section 46-23-1012, MCA, governs arrests when violations of probation are alleged, while a separate statute, § 46-23-1023, MCA, governs arrests of alleged parole violators. In addition, both *Giddings* and *Goebel* dealt with probation violations rather than parole violations. Therefore, we conclude that our reference to parole revocation proceedings in *Goebel* was an error, and we hold that § 46-23-1012, MCA, applies only to probation revocation proceedings.

¶13 Here, Gundrum's parole, rather than probation, was revoked. Accordingly, § 46-23-1012, MCA, does not apply to Gundrum's parole revocation proceedings, and he was not entitled to a probable cause hearing within 36 hours of his arrest. We conclude that Gundrum is thus legally incarcerated.

¶14 Is the Petitioner entitled to good time credits?

¶15 Gundrum was arrested on April 20, 2000, for a parole violation and incarcerated. He was then returned to MSP on June 2, 2000. He claims that while the parole board awarded him credit for time served for these 43 days, it did not award good time credits. Citing *MacPheat v. Mahoney*, 2000 MT 62, 299 Mont. 46, 997 P.2d 753, Gundrum claims he is entitled to good time credits for the 43 days.

¶16 The State claims that the Department of Corrections has recently re-evaluated its good time policy, and it will award Gundrum the good time credits he seeks if appropriate under the new policy. We conclude that Gundrum remains legally incarcerated during this process.

¶17 Is the Petitioner entitled to credit for time served?

¶18 Gundrum was placed on probation on August 11, 1992, and a bench warrant was issued for his arrest on probation violations on December 7, 1993. Gundrum claims that he

should receive credit for this period of time under § 46-18-402, MCA, even though he was not incarcerated.

¶19 The State responds that under § 46-18-203(7)(b), MCA, and *McDermott v. Montana Dept. of Corrections*, 2001 MT 134, ¶ 45, 305 Mont. 462, ¶ 45, 29 P.3d 992, ¶ 45, a judge has complete discretion to consider the elapsed time that an offender is on probation, and he or she may either expressly allow or reject the time as credit on the offender's sentence. The State contends that Gundrum does not assert that the sentencing court failed to follow the mandates of § 46-18-203(7)(b), MCA.

¶20 We agree. First, Gundrum admits he was not incarcerated during this time. Rather, he was released on probation. Consequently, § 46-18-402, MCA, pertaining to an award of credit for time served while imprisoned is inapplicable. Second, § 46-18-203(7)(b), MCA, governs the revocation of suspended sentences and allows a district court judge to reject all or part of the time an offender serves on probation as a credit against his sentence. Here, the District Court stated in its May 22, 1997, Order of Revocation, Judgment and Sentence that given the nature of Gundrum's violations and the magnitude of his financial obligations, he was not to be given credit for time otherwise served on probation. Accordingly, Gundrum is not entitled to credit for time he was released on probation in this case.

¶21 Since Gundrum fails to demonstrate that the cause of his imprisonment or restraint is illegal, his writ of habeas corpus is hereby denied.

DATED this 6th day of December, 2001.

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ PATRICIA COTTER

/S/ TERRY N. TRIEWEILER

/S/ JIM RICE