No. 02-340

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 139

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

KAARE DOUGLAS GULBRANSON,

       Defendant and Appellant.


APPEAL FROM:    District Court of the Eleventh Judicial District,
                 In and for the County of Flathead,
                 Cause Nos. DC 99-008(A) & DC 99-009(A)
                 The Honorable Stewart E. Stadler, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

             Mark R. Sullivan, Attorney at Law, Kalispell, Montana

       For Respondent:

             Hon. Mike McGrath, Attorney General; Jennifer Anders,
             Assistant Attorney General, Helena, Montana

             Ed Corrigan, Flathead County Attorney; Daniel M. Guyzynki,
             Deputy County Attorney, Kalispell, Montana


                      Submitted on Briefs:  February 13, 2003

                                Decided:  May 13, 2003

Filed:


                               Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Kaare Douglas Gulbranson (Gulbranson) appeals from the judgment entered by the Eleventh Judicial District Court, Flathead County, on its order revoking his suspended sentences. We affirm.

¶2     The issue on appeal is whether the District Court abused its discretion by failing to give Gulbranson sufficient credit against his sentences for time served.

BACKGROUND

¶3     In February of 1999, Gulbranson pleaded guilty to two counts of felony driving under the influence of alcohol. He was sentenced to the Montana State Prison for terms of five years and one month--with four years suspended--on each count, with the terms to run concurrently. In November of 2000, the suspended portions of Gulbranson's sentences were revoked for failure to abide by the conditions of his probation. This revocation was subsequently invalidated and the State of Montana (State) initiated a new revocation proceeding in October of 2001 based on the same alleged violations as the earlier revocation. The District Court scheduled a hearing on the revocation petition for December 27, 2001.

¶4     Gulbranson was placed in the Flathead County Detention Center (Jail) pending the revocation hearing and bail was set in the amount of $250,000. Gulbranson subsequently moved the District Court to reduce the amount of bail. Following a hearing on the motion, the court reduced the bail amount to $10,000 on the condition, *inter alia*, that Gulbranson remain in his home at all times other than when at work, in court or meeting with his attorney. The court deemed this condition to be "informal house arrest," but stated it was

2

not requiring that Gulbranson be electronically monitored while released on bail. Gulbranson posted bond and was released from custody pending the revocation hearing.

¶5 On March 28, 2002, the District Court held a hearing on the revocation petition. Gulbranson admitted, in part, the alleged violations of the conditions of his suspended sentences and the court revoked those sentences. The court sentenced Gulbranson to two concurrent four-year terms to the Department of Corrections (DOC), with the recommendation that he be placed in a six-month alcohol treatment program at the Montana State Hospital in Warm Springs, Montana. The court further ordered that, if Gulbranson successfully completed the treatment program, the remainder of his sentences would be suspended, and credited the sentences with the time Gulbranson previously served at the MSP and in the Jail. The court did not give him credit for time served while released on bond pending the revocation hearing. Gulbranson appeals.

## STANDARD OF REVIEW

¶6 We review a district court's sentence in a criminal case for legality only and will not disturb the sentence absent an abuse of discretion. State v. Johnson, 2002 MT 251, ¶ 12, 312 Mont. 164, ¶ 12, 58 P.3d 172, ¶ 12.

## DISCUSSION

¶7 Did the District Court abuse its discretion by failing to give Gulbranson sufficient credit against his sentences for time served?

¶8 Gulbranson argues that the District Court abused its discretion by failing to credit his sentences with time served for the period he was released on bond before the revocation hearing. In support of his argument, he first cites § 46-18-403(1), MCA, which provides that

3

[a]ny person incarcerated on a bailable offense and against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction, except that the time allowed as a credit may not exceed the term of the prison sentence rendered.

Gulbranson appears to concede that he was not "incarcerated" as contemplated by the statute during the period he was released on bond. Consequently, the statute does not require the District Court credit his sentences for that time. See Gundrum v. Mahoney, 2001 MT 246, ¶ 20, 307 Mont. 96, ¶ 20, 36 P.3d 890, ¶ 20.

¶9 Gulbranson asserts, however, that the "informal" house arrest on which his bail was conditioned restricted his liberty in a manner sufficiently similar to actual incarceration to require that the court give him credit for the time. He does not cite to any authority for the proposition that a conditional release on bond which restricts a defendant's liberty in some manner is analogous to "incarceration" as provided in § 46-18-403(1), MCA, however. An appellant is required to provide citation to legal authority in support of arguments made on appeal. Rule 23(a)(4), M.R.App.P.; State v. Rodarte, 2002 MT 317, ¶ 15, 313 Mont. 131, ¶ 15, 60 P.3d 983, ¶ 15. We are under no obligation to locate authorities in support of positions taken on appeal and will not consider unsupported issues or arguments. Rodarte, ¶ 15. Consequently, we decline to address this argument further.

¶10 Gulbranson also argues that the District Court was statutorily required to credit his sentences for time served while released on bond because the court placed him on house arrest. Section 46-18-203(7)(b), MCA, on which Gulbranson relies, provides as follows:

[i]f a suspended or deferred sentence is revoked, the judge shall consider any elapsed time and either expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as a credit. The judge shall

4

state the reasons for the judge's determination in the order. Credit, however, must be allowed for time served in a detention center or home arrest time already served.

¶11 Home arrest procedures are governed by Title 46, Chapter 18, Part 10 of the Montana Code Annotated (MCA). "Home arrest" is statutorily defined as "the use of a person's home for purposes of confinement and home arrest procedures and conditions imposed under [Title 46, Chapter 18, Part 10 of the MCA]." Section 46-18-1001(2), MCA. A defendant may petition the sentencing court for an order directing that all or part of his or her sentence of imprisonment be served on house arrest. Section 46-18-1002(1), MCA. The petition must include a statement that either the DOC or a private company has a monitoring device available for use to monitor the defendant's activities during the period of house arrest. Section 46-18-1002(2)(a), MCA. An order granting a petition for house arrest must include a specific plan setting forth the conditions of the house arrest. Section 46-18-1002(3), MCA.

¶12 Here, Gulbranson moved the District Court to reduce the amount of his bail and the court granted the motion on the condition that, while on release, he be under what the court called "informal" house arrest. Gulbranson's motion was not a petition requesting that his sentences be served on house arrest. Thus, the informal house arrest was not a condition of his suspended sentences, but was a condition of his release on bond. Moreover, the court did not enter an order setting forth a house arrest plan as contemplated in § 46-18-1002(3), MCA, and specifically stated that Gulbranson would not be required to wear an electronic monitoring device. We conclude that the informal house arrest on which the District Court conditioned Gulbranson's release on bond was not "house arrest" as provided for in Title 46,

Chapter 18, Part 10 of the MCA. We further conclude, therefore, that § 46-18-203(7)(b), MCA, did not require that Gulbranson's sentences be credited with the time served for that period.

¶13     Gulbranson has failed to establish that the District Court was statutorily required to credit his sentences with time served for the period he was released on bond. Thus, it was within the court's discretion whether to allow such credit. See § 46-18-203(7)(b), MCA. In its revocation and sentencing order the court stated that, while it was crediting Gulbranson's sentences with time served while incarcerated at the MSP and in the Jail, "[g]iven his multiple and repeated violations, he is not to be given credit for time otherwise served . . . ." Gulbranson has not established that this was an abuse of the court's discretion and, therefore, we hold that the District Court did not abuse its discretion by failing to give Gulbranson sufficient credit against his sentences for time served.

¶14     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE