DA 07-0389

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 103N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

GEORGE GREENWOOD,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DC 05-116
Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender; Joslyn Hunt, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Hon. Mike McGrath, Attorney General; J. Stuart Segrest, Assistant Attorney
General, Helena, Montana

          Brett D. Linneweber, Park County Attorney, Livingston, Montana

Submitted on Briefs: February 13, 2008

Decided: April 1, 2008

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 George Greenwood appeals a judgment of the Sixth Judicial District Court imposing a suspended commitment to the Department of Corrections (DOC). He argues the District Court erred when it refused to credit him with time served when he was subject to electronic monitoring as a condition of his release on bond prior to trial.

¶3 On December 16, 2005, the State charged Greenwood with seven offenses, including felony assault on a minor. At his arraignment, Greenwood pled not guilty. The District Court released him pending trial and imposed conditions on the release, including the requirement that he be placed on electronic monitoring. The District Court did not restrict him to "house arrest" or impose conditions preventing him from leaving his house.

¶4 On January 11, 2006, the State filed a petition to revoke Greenwood's release, alleging he had violated the conditions by drinking alcohol. Greenwood admitted the violation, and the District Court again released him subject to the same conditions. In May 2006, following a motion by Greenwood, the District Court vacated that part of the release order which required electronic monitoring.

¶5 On August 25, 2006, Greenwood pled guilty to the charge of assault on a minor and the remaining charges were dismissed. In November, the District Court committed him to

2

DOC for four years, with all time suspended. The judgment did not give him credit for the time he was released on bond and subject to electronic monitoring.

¶6 On December 4, 2006, the State filed a petition to revoke his suspended commitment, alleging that he had consumed alcohol. In December 2006 and January 2007, Greenwood was incarcerated for a total of fifty-six days. In January, the District Court released him. On February 6, 2007, Greenwood admitted to the violations in the petition. The District Court revoked the suspended commitment and re-committed him to DOC for four years, all suspended. He received credit for the time served in jail after the State's revocation petition.

¶7 On March 12, 2007, the State again filed a petition to revoke his suspended commitment. At the initial hearing, the District Court released Greenwood, stating that he was to "remain under house arrest" except when receiving medical or mental health treatment or meeting with his attorney. The District Court later revoked the sentence imposed on February 7, 2007, and re-committed Greenwood to DOC for four years, all suspended, with fifty-six days credit for time served. Greenwood now appeals, arguing the District Court erred when it did not give him credit for the time from December 2005 through May 2006, when he was subject to electronic monitoring while released on bond.

¶8 This is not a case in which the defendant is challenging probation conditions. Thus, we review the sentence only for legality. *State v. Montoya,* 1999 MT 180, ¶ 15, 295 Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15.

¶9 Section 46-18-203(7)(b), MCA, requires that "[c]redit must be allowed for . . . home arrest time already served" when a district court revokes a suspended sentence. Home arrest

3

is a statutorily defined term which is imposed only under the procedures specified in Title 46, Chapter 18, Part 10 of the Montana Code Annotated and "does not include intensive supervision by the department of corrections." Section 46-18-1001(2), MCA. A defendant may petition a district court to serve "all or a portion of a sentence of imprisonment . . . under conditions of home arrest," and the sentencing court may grant the petition by ordering a specific plan setting forth the conditions of the home arrest. Section 46-18-1002(1), (3), MCA.

¶10 A defendant is not entitled to credit for time served on "informal" house arrest that is a condition of release on bond. *State v. Gulbranson*, 2003 MT 139, ¶ 12, 316 Mont. 163, ¶ 12, 69 P.3d 1187, ¶ 12. In this case, the time Greenwood was on electronic monitoring occurred prior to the imposition of sentence and was not the result of an order by the District Court creating a home arrest plan under § 46-18-1002, MCA. Nor was the electronic monitoring imposed as part of a sentence of imprisonment. The District Court was not statutorily required to give Greenwood credit for the time he was electronically monitored while released pending trial. Section 46-18-1002(1), MCA; *Gulbranson*, ¶¶ 12-13.

¶11 Our review of the entire record reveals that the legal issues are clearly controlled by settled Montana law that the District Court correctly applied. The District Court did not impose an illegal sentence by refusing to credit Greenwood with time served when he was on electronic monitoring as a condition of his release on bond prior to trial.

¶12 Affirmed.

/S/ JOHN WARNER

4

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE