DA 07-0328

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 112

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CHARLES RONALD CLARK,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 06-206(C),
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Jim Wheelis, Chief Appellate Defender; Shannon McDonald,
Assistant Appellate Defender, Helena, Montana

      For Appellee:

            Honorable Mike McGrath, Attorney General; Jesse A. Laslovich,
Assistant Attorney General, Helena, Montana

            Ed Corrigan, County Attorney; Tammi E. Fisher, Deputy County
Attorney, Kalispell, Montana

                    Submitted on Briefs:  February 27, 2008

                              Decided:  April 8, 2008

Filed:

_____
                        Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Charles Ronald Clark (Clark) appeals from his sentence in the Eleventh Judicial District, Flathead County, for aggravated assault. We affirm.

¶2     We restate the issues as follows:

¶3     Did Clark file an untimely notice of appeal?

¶4     Did the District Court impose an illegal sentence when it failed to award credit for time spent on house arrest?

¶5     Did the District Court impose unreasonable conditions on Clark's bond?

## BACKGROUND

¶6     The State charged Clark with aggravated assault, a felony, on April 27, 2006. The District Court set Clark's bail at fifty thousand dollars, and Clark was incarcerated at the Flathead County Detention Center (FCDC). Following his arrest, Clark moved the District Court to authorize a chemical dependency evaluation and to set a hearing to consider whether to release Clark on his own recognizance. The District Court granted both motions. The State and Clark then submitted several stipulations to the District Court to allow Clark to await trial on formal house arrest, rather than at FCDC. The stipulations required, among other things, that Clark observe a curfew, enroll in and complete a chemical dependency treatment program, submit to the control of a detective agency, refrain from consuming alcohol or controlled substances, and maintain no contact with the victim or witnesses. The District Court adopted the State's and Clark's stipulations and ordered that Clark be released to formal house arrest. In total, Clark

remained incarcerated at FCDC for a total of forty-one days, from April 27, 2006, until June 6, 2006.

¶7 On January 18, 2007, Clark pleaded nolo contendere to aggravated assault, pursuant to a plea agreement. The District Court conducted a sentencing hearing on March 8, 2007, and, after reviewing the pre-sentence investigation report and hearing testimony, sentenced Clark to fifteen years, with ten years suspended, at Montana State Prison. The District Court's Judgment and Sentence was filed with the clerk of court on March 27, 2007. In addition to the prison term, the District Court ordered Clark to pay surcharges, costs associated with the pre-sentence investigation, restitution, and a fine. The District Court credited Clark fifty dollars for each of the forty-one days that Clark spent incarcerated at FCDC. The District Court awarded Clark no credit for the time spent on formal house arrest. Clark appeals.

## STANDARD OF REVIEW

¶8 We review a criminal sentence for legality only; that is, whether the sentence falls within the statutory parameters. *State v. Mingus*, 2004 MT 24, ¶ 10, 319 Mont. 349, ¶ 10, 84 P.3d 658, ¶ 10. A sentence that falls within the statutory parameters constitutes a legal sentence. *Mingus*, ¶ 10.

## DISCUSSION

¶9 **I     Did Clark file an untimely notice of appeal?**

¶10 As an initial matter, the State asserts that Clark failed to file his notices of appeal within the time allotted under the Montana Rules of Appellate Procedure. In criminal cases, a party must appeal from a judgment entered pursuant to § 46-18-116, MCA,

3

within sixty days following the entry of judgment. M. R. App. P. 4(5)(b). Absent extraordinary circumstances that amount to a "gross miscarriage of justice," we refuse to grant out-of-time appeals. M. R. App. P. 4(6).

¶11 The District Court issued a written judgment that described the details of Clark's sentence and granted Clark credit for the time he served at FCDC prior to his nolo contendere plea. The written judgment was dated March 23, 2007, and it was filed with the clerk of court on March 27, 2007. Clark filed a notice of appeal on May 23, 2007, and an amended notice of appeal on May 25, 2007.

¶12 The State maintains that both of Clark's notices of appeal are untimely because they were filed more than sixty days after the March 23, 2007, entry of judgment. We disagree. Although the District Court signed the written judgment on March 23, 2007, the judgment actually was entered on March 27, 2007, when the clerk of court filed the judgment and entered it into the record. Thus, Clark filed his first notice of appeal fifty-seven days after the District Court's entry of judgment and his amended notice of appeal fifty-nine days after the District Court's entry of judgment. We conclude that Clark's appeal properly is before us because Clark's notices of appeal fall within the sixty-day timeframe allotted under the rules of appellate procedure. M. R. App. P. 4(5)(b).

¶13 **II    Did the District Court impose an illegal sentence when it failed to award credit for time spent on house arrest?**

¶14 Clark argues that § 46-18-203(7)(b), MCA, requires the District Court to credit Clark for the time he spent on house arrest and that the District Court's failure to do so amounts to an illegal sentence. Clark acknowledges that he failed to "specifically object"

4

regarding house-arrest credit, but claims that he "implicitly raised the issue" through testimony at the sentencing hearing. Additionally, Clark asserts that he may challenge his sentence for the first time on appeal based on our decision in *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979).

¶15 We generally refuse to address issues raised for the first time on appeal. *State v. McCaslin*, 2004 MT 212, ¶ 49, 322 Mont. 350, ¶ 49, 96 P.3d 722, ¶ 49. The *Lenihan* decision, however, provides an exception to our well-established rule and permits appellate review of a criminal sentence that is allegedly illegal or that exceeds statutory mandates, even if the defendant failed to object at the district court. *Lenihan*, 184 Mont. at 343, 602 P.2d at 1000.

¶16 A sentence that falls within the statutory parameters constitutes a legal sentence. *Mingus*, ¶ 10. For example, in *State v. Swoboda*, we concluded that a fifteen-year sentence was neither illegal nor in excess of the statutory mandates because the offense carried a maximum punishment of fifty years imprisonment and a $10,000 fine. 276 Mont. 479, 482, 918 P.2d 296, 298 (1996). In this case, the State charged Clark with aggravated assault under § 45-5-202(1), MCA. Aggravated assault carries a maximum sentence of twenty years in state prison and a fine of $50,000. Section 45-5-202(2), MCA. Clark pleaded nolo contendere to aggravated assault, and the District Court sentenced him to Montana State Prison for fifteen years, with ten years suspended and credit for time served while incarcerated. Clark's sentence falls within the statutory parameters of § 45-5-202(2), MCA, and thus, his sentence constitutes a legal sentence. *Swoboda*, 276 Mont. at 482, 918 P.2d at 298.

¶17 Nonetheless, Clark argues that § 46-18-203(7)(b), MCA, statutorily requires the District Court to award him credit for the time he served on house arrest prior to sentencing and that the District Court's failure to award him this credit amounts to an illegal sentence. A sentencing court's failure to abide by certain statutory requirements may result in an objectionable sentence; however, an objectionable sentence is not necessarily an illegal sentence. *State v. Nelson*, 274 Mont. 11, 20, 906 P.2d 663, 668 (1995). In this case, Clark's sentence does not even amount to an objectionable sentence because § 46-18-203(7)(b), MCA, does not require the courts to award credit for house arrest served while released on bond. We previously addressed this issue in *State v. Gulbranson*, 2003 MT 139, 316 Mont. 163, 69 P.3d 1187.

¶18 In *Gulbranson*, we held that § 46-18-203(7)(b), MCA, did not require the district court to credit Gulbranson's sentences for time spent on house arrest and that the district court acted within its discretion when it elected not to award credit for time served on house arrest. *Gulbranson*, ¶¶ 12-13. In *Gulbranson*, the district court granted Gulbranson's motion for bond reduction and release provided that he remained on "'informal' house arrest" while awaiting a revocation hearing. *Gulbranson*, ¶ 12. Like Clark, Gulbranson asserted that § 46-18-203(7)(b), MCA, required the district court to award credit for his house arrest. We observed that Gulbranson's motion for bail reduction was not a petition requesting that he be sentenced to house arrest and that Gulbranson's informal house arrest was a condition of his bond release, not a condition of his suspended sentences. *Gulbranson*, ¶ 12. We further stated that Gulbranson's informal house arrest did not amount to "house arrest" as contemplated under Title 46,

Chapter 18, Part 10 of the Montana Code Annotated, the section which allows an offender to petition the court for house arrest. *Gulbranson*, ¶ 12.

¶19 Clark maintains that the formality of his house arrest distinguishes his case from *Gulbranson* and that his formal house arrest rises to the level governed by statute. Consequently, Clark argues, the District Court was required to award him credit for the time he served on house arrest awaiting trial, under § 46-18-203(7)(b), MCA. We disagree.

¶20 Section 46-18-203(7)(b), MCA, provides:

> *If a suspended or deferred sentence is revoked,* the judge shall consider any elapsed time and either expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as a credit. The judge shall state the reasons for the judge's determination in the order. Credit must be allowed for time served in a detention center or home arrest time already served.

(Emphasis added.) The defendant in *Gulbranson* had his suspended sentences revoked and was placed on informal house arrest while awaiting his revocation hearing. Thus, we examined the nature of Gulbranson's motion and subsequent house arrest because the revocation of Gulbranson's suspended sentences potentially implicated § 46-18-203(7)(b), MCA. We determined that Gulbranson's house arrest fell short of "house arrest" as contemplated in Title 46, Chapter 18, Part 10 of the Montana Code Annotated because it was a condition of his release on bond and because the district court entered no order for house arrest as detailed in § 46-18-1002(3), MCA. *Gulbranson*, ¶ 12.

¶21 Although we agree that Clark's house arrest was more formal than that presented in *Gulbranson*, no statute requires or authorizes a district court to award credit for time

7

served on house arrest prior to conviction or while released on bond, regardless of the formal nature of the house arrest. Clark was conditionally released to house arrest to await trial for an offense, not as a condition of a suspended or deferred sentence; thus, § 46-18-203(7)(b), MCA, which requires courts to credit time for house arrest already served, is inapplicable to Clark's sentence under the plain language of the statute. Moreover, Montana law specifically provides that a person convicted of aggravated assault is not eligible for house arrest. Accordingly, Clark is ineligible to serve any portion of his sentence on house arrest. Sections 46-18-1004 and 46-18-1001(5), MCA. The District Court was not statutorily required to award Clark credit for time served on house arrest. Clark's sentence falls within the statutory parameters for aggravated assault, and thus, the District Court did not impose an illegal sentence. *Mingus*, ¶ 10.

¶22 **III    Did the District Court impose unreasonable conditions on Clark's bond?**

¶23    Clark argues that if he was not entitled to credit for time served on house arrest then the conditions that the District Court imposed on Clark's bond were unreasonable. Specifically, Clark challenges the condition requiring that he complete a chemical dependency treatment program and the condition requiring that he be supervised by a detective agency. Clark asserts that the District Court exceeded its statutory authority when it imposed these conditions and that these conditions are unconstitutional. Clark acknowledges that he agreed to these conditions, but argues that he did so because he believed he would receive credit for time served on house arrest. Clark argues that the lack of credit, in part, makes these conditions unreasonable for bond purposes.

8

¶24    Clark challenges the bond conditions for the first time on appeal. We refuse to consider issues raised for the first time on appeal because it is fundamentally unfair to fault the district court for failing to rule correctly on an issue it never had the opportunity to consider. *McCaslin*, ¶ 49.

¶25    Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS