

DA 06-0613

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 230

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

PATRICK LAWRENCE HENDERSON,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DC-7-2005-47
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender; Roberta R. Zenker, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Hon. Mike McGrath, Attorney General; Tammy K. Plubell, Assistant Attorney
General, Helena, Montana

          Brant S. Light, Cascade County Attorney; Joel Thompson, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs: July 3, 2007

Decided: July 1, 2008

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1    Patrick Henderson appeals an order entered in the Eighth Judicial District Court, Cascade County, denying a motion to correct his sentence to credit him for an additional 301 days of time served prior to the time judgment was entered.

¶2    The sole issue on appeal is whether Henderson's sentence is illegal because the District Court, when imposing concurrent sentences for two separate offenses, did not credit Henderson for pre-conviction time served on the charge in this case.

¶3    In this case, which is an appeal of Cascade County Cause Number CDC-05-047, the State charged Henderson with one count of felony theft, in violation of § 45-6-301(1)(a), MCA.  In this case, he spent five days in jail following his arrest on January 16, 2005, and was then released on bail.

¶4    On February 13, 2005, in Cascade County Cause Number CDC-05-105, the State charged Henderson with theft and criminal mischief.  He was arrested on that charge, but was unable to post bail, and he spent 301 days in jail following his arrest and prior to judgment. Henderson's bail in this case, CDC-05-047, was not revoked following his arrest on the charges in CDC-05-105.

¶5    Henderson pled guilty to the theft charges in both CDC-05-047 and CDC-05-105, pursuant to a single plea agreement.  The State agreed to recommend a sentence of ten years with five years suspended on each of the charges in the separate cases, and also to recommend that the District Court order the sentences to be served concurrently.

¶6    On December 13, 2005, the District Court orally pronounced sentence and ordered that

in both cause numbers Henderson be sentenced to serve ten years with five years suspended. In this case, CDC-05-047, the District Court gave Henderson credit for five days served. In CDC-05-105, Henderson received 301 days credit for time served. The written judgment did not specify that the sentences were to be served concurrently. However, upon motion by Henderson's counsel, the District Court issued a *nunc pro tunc* order clarifying that the sentences were to run concurrently. Henderson's appointed counsel was allowed to withdraw.

¶7 Henderson then filed a *pro se* motion in the District Court for an order correcting his sentence in this case, increasing the credit for time served from five days to 306 days. He argued that he should receive credit in this case for all time served prior to the time he was sentenced. The District Court denied his motion, and Henderson now appeals.

¶8 We review a sentence for legality, examining only whether it is within statutory parameters. *State v. Tracy*, 2005 MT 128, ¶ 12, 327 Mont. 220, ¶ 12, 113 P.3d 297, ¶ 12.

¶9 Section 46-18-403(1), MCA, provides that a "person incarcerated on a bailable offense against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction." We have interpreted this to mean that a defendant receives credit for the time incarcerated only if the incarceration was directly related to the offense for which the sentence is imposed. *State v. Kime*, 2002 MT 38, ¶ 16, 308 Mont. 341, ¶ 16, 43 P.3d 290, ¶ 16. In *Kime*, we concluded that the District Court correctly refused to credit the defendant with time served relating to a prior felony conviction while he was awaiting sentencing on subsequent charges. *Kime*, ¶ 16. A defendant is not entitled to receive credit for pre-conviction time served on an offense if he is not incarcerated for that particular

3

offense. *State v. Erickson*, 2005 MT 276, ¶ 25, 329 Mont. 192, ¶ 25, 124 P.3d 119, ¶ 25.

¶10 The record does not show that Henderson's bond was revoked in this case, Cascade County CDC-05-047. Had he posted bond on the offense he was later arrested for, Cascade County CDC-05-105, he would not have been held on the charge in this case. Therefore, the 301 days Henderson was incarcerated following his arrest in Cascade County CDC-05-105 were not directly related to the offense charged in this case, and he is not entitled to credit for any additional time served. *Kime*¸¶ 16. The District Court did not impose an illegal sentence when it refused to credit Henderson in CDC-05-047 with the pre-conviction time he served in CDC-05-105.

¶11 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS