DA 07-0641

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 305

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

STEPHEN D. ALLISON.

       Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Sanders, Cause No. DC-86-1223
Honorable C. B. McNeil, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Jim Wheelis, Chief Appellate Defender; Lisa S. Korchinski, Assistant
Appellate Defender, Helena, Montana

       For Appellee:

              Hon. Mike McGrath, Montana Attorney General; J. Stuart Segrest,
Assistant Attorney General, Helena, Montana

              Coleen Magera, Sanders County Attorney; Thompson Falls, Montana

Submitted on Briefs:  July 30, 2008

Decided:  September 2, 2008

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     After Stephen D. Allison ("Allison") violated his probation, the District Court issued an order revoking his suspended sentence. Allison appeals the portion of the sentence denying him credit for time served prior to August 25, 2006. We affirm.

¶2     We restate the issue as follows:

¶3     Did the District Court err in refusing to credit Allison for the time he served in Oregon, following his arrest there and pending his return to Montana, the original sentencing state?

## BACKGROUND

¶4     Allison was convicted of two counts of felony sexual assault in 1988 and sentenced to serve two consecutive twenty-year sentences in Montana State Prison ("MSP"). The Sanders County District Court suspended the second sentence. Once Allison had discharged his sentence on count one, he applied for interstate compact supervision in order to serve the remainder of his suspended sentence on count two in Oregon. His request was granted.

¶5     Several years later, on March 24, 2005, Allison was indicted by a Deschutes County Grand Jury for thirty-six counts of sexual abuse, sexual harassment, and other sexual crimes. On March 29, 2005, Lee Wilson ("Wilson"), Allison's supervising probation officer, completed an Offender Violation report, which stated that Allison had been arrested by the Bend Police Department in Bend, Oregon on March 9, 2005. Wilson attached a copy of the indictment, detailing the numerous sexual crimes Allison was charged with committing in Oregon between December 1, 2004, and January 31, 2005.

Wilson faxed the report to Montana on April 1, 2005, and recommended that Allison be returned to Montana for a probation violation hearing.

¶6     The State of Montana did not take any action on the report until after Allison was found guilty by an Oregon jury of twenty-five of the thirty-six sexual crimes he was charged with. On August 1, 2006, the Deschutes County Circuit Court sentenced Allison to "[s]erve 1 year in jail w/credit for time served consecutive to each other" for six of the counts, and to sixty months probation for the remaining counts.

¶7     A month later, the State of Montana filed a petition to revoke Allison's suspended sentence, relying on the Offender Violation report filed March 29, 2005, and the July 28, 2006 conviction. Judge McNeil found probable cause to hold a probation violation hearing, and issued a bench warrant for Allison's arrest on August 25, 2006.

¶8     A probation violation hearing was held. Allison admitted that the Oregon convictions constituted a violation of his probation for his original Montana sentence for the 1988 felony sexual assaults. Following the hearing, the District Court revoked Allison's suspended sentence, and sentenced him to serve twenty years in MSP, with ten years suspended. The District Court provided that Allison would not be eligible for parole until he had completed all three phases of the MSP sex offender treatment program. The court gave Allison credit for time served since August 25, 2006, when the State of Montana issued the bench warrant for his arrest. Allison requested that the court give him credit for his sentence as of March 29, 2005, when Wilson issued the Offender Violation report. The District Court denied Allison's request, and gave him credit only for the time served since "the time the State of Montana put a hold on him for violation of

3

the terms of his Montana probation." Allison appeals this portion of the District Court's sentence.

## STANDARD OF REVIEW

¶9 We review a sentence for legality only; i.e., whether or not the sentence falls within the relevant statutory parameters. *State v. Clark*, 2008 MT 112, ¶ 8, 342 Mont. 461, ¶ 8, 182 P.3d 62, ¶ 8.

## DISCUSSION

¶10 **Did the District Court err in refusing to credit Allison for the time he served in Oregon, following his arrest there and pending his return to Montana, the original sentencing state?**

¶11 Section 46-18-201(3), MCA (1987),[1] provides that "credit . . . must be allowed for jail time already served." A defendant is entitled to credit for time served only "if the incarceration was directly related to the offense for which the sentence is imposed." *State v. Henderson*, 2008 MT 230, ¶ 9, 344 Mont. 371, ¶ 9, --- P.3d ---, ¶ 9.

¶12 The District Court held that Allison was entitled to credit for time served beginning August 25, 2006, the date when the court issued a bench warrant for his arrest for allegedly violating his probation. The court further concluded he was not entitled to any time served before that, because the prior time served was for the Oregon offenses, and was unrelated to the Montana proceeding.

¶13 The District Court's conclusion is supported by the evidence in the record. The Offender Violation report indicates that Allison was arrested by the Bend Police

---

[1] Recodified at § 46-18-203(7)(b), MCA (2005).

Department on March 9, 2005, after one of his victims stepped forward. The Oregon indictment alleged that Allison committed more than thirty sexual crimes in Oregon between December 1, 2004, and January 31, 2005. Finally, and perhaps most significantly, the Oregon court gave Allison credit for time served against his sentence for these offenses. Montana took no action on the Offender Violation report until well after Allison was convicted and sentenced by the State of Oregon for the offenses he committed there. All the evidence in the record supports the conclusion that the time Allison served in Deschutes County was related to his Oregon crimes, not his Montana sentence.

¶14 Allison argues, however, that the "violations which formed the basis for the petition to revoke Allison's suspended sentence were exactly the same as the Oregon indictment." He claims that he was arrested on March 29, 2005, for violating his parole, and thus, he is entitled to credit for time served as of that date. The Offender Violation report, however, states that Allison was arrested on March 9, 2005. Allison was indicted for thirty-six counts of sexual crimes on March 24, 2005. There is no record of a second arrest for the probation violation in the record, nor did Allison present any such evidence before the District Court. Again, Montana did not take any action on the report until August 25, 2006, when the court issued a bench warrant for his arrest. Allison has failed to point to any evidence in the record which supports his assertion.

**CONCLUSION**

¶15 We conclude that the sentence imposed by the District Court was legal. The time Allison served prior to August 25, 2006, was not related to his Montana proceeding.

5

Thus, under § 46-18-201(3), MCA (1987), he is not entitled to any additional credit for time served prior to August 25, 2006.  We affirm the District Court's sentence.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE