DA 09-0660

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2010 MT 123N

STATE OF MONTANA,

     Plaintiff and Appellee,

v.

TIMOTHY ALLEN LEMKE,

     Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 06-408
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Timothy Allen Lemke (self-represented), Great Falls, Montana

     For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Jonathan M. Krauss, Assistant Attorney General; Helena, Montana

          Fred R. Van Valkenburg, Missoula County Attorney; Jennifer Clark, Deputy County Attorney; Missoula, Montana

Submitted on Briefs:  May 5, 2010
Decided:  May 28, 2010

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The Fourth Judicial District Court, Missoula County, denied Timothy Allen Lemke's "motion requesting credit for time served." Lemke appeals. We affirm.

¶3 The issue on appeal is whether the District Court erred by denying Lemke's motion to credit him with the time between his pretrial supervision after his release on bail and the date of his imprisonment.

¶4 On August 24, 2006, Lemke was intoxicated and driving the wrong way on I-90 when he crashed into another vehicle, killing the driver and injuring her husband and two children. Lemke entered an *Alford* plea of guilty to felony vehicular homicide while under the influence; four counts of misdemeanor negligent endangerment; misdemeanor failure to remain at the scene of an accident involving injury or death to another; and misdemeanor possession of open alcoholic beverage containers. Lemke was detained in the Missoula County detention facility.

¶5 In October 2006, the Missoula County detention facility released Lemke "for evaluation and treatment purposes at Rimrock Foundation" for twenty-eight days. He returned to the Missoula County detention facility, and remained there until he was released

2

on April 14, 2007. The District Court released Lemke on $50,000 bail and ordered conditions of pretrial supervision release, including the condition that Lemke wear a GPS bracelet. The court's judgment provided that Lemke "shall receive credit for any time incarcerated from August 24, 2006, through April 14, 2007, for a total of 234 days served." No objection to the sentence appears on the record.

¶6     The District Court sentenced Lemke on September 24, 2007, to 30 years, with 25 suspended on the felony and one year on each of the misdemeanors. His sentences were to run concurrently. Two years later, Lemke filed a "Motion Requesting Credit for Time Served" for the 162 days he spent between his release on bail and pretrial supervision (April 14, 2007) and the date of his imprisonment (September 24, 2007), asserting he was under "house arrest" during this time and, as such, deserved credit for time served.

¶7     The State asserted that the matter was discussed at the hearing and the court was within its discretion to only give credit for the time Lemke was incarcerated at the Missoula County detention facility and at the Rimrock Foundation. The State further contended that Lemke's motion was untimely because it was made two years after sentencing.

¶8     On appeal, Lemke argues that because the conditions imposed on him during his "house arrest" after he was released on bail were akin to the conditions imposed on him at the Rimrock Foundation, time for which he received credit on his sentence, the District Court erred when it did not give him credit for the 167 days between his release on bail and his imprisonment. The State urges us to affirm the District Court's sentence because Lemke did not object on these grounds at sentencing, he did not appeal his sentence within the time

3

prescribed, and he did not file a timely petition for postconviction relief. We agree with the State.

¶9 This Court reviews a criminal sentence for legality only; that is, whether the sentence falls within the statutory parameters. *State v. Clark*, 2008 MT 112, ¶ 8, 342 Mont. 461, 182 P.3d 62. Illegal sentences must be addressed in the manner provided by law for appeal and postconviction relief. Section 46-18-116(3), MCA. A person with no adequate remedy of appeal who alleges that the district court erred in imposing their sentence may, under certain circumstances, institute a collateral action and petition the court to correct, modify, or vacate the sentence. *See* § 46-21-101, MCA. A petition for postconviction relief may be filed at any time within one year of the date that a conviction becomes final. Section 46-21-102, MCA.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the legal issues are controlled by settled Montana law. By the time Lemke filed his motion for credit for time served—which is essentially a petition for postconviction relief—in September 2009, he was time barred from objecting to his sentence.

¶11 Affirmed.

/S/ MICHAEL E WHEAT

4

We Concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS