FILED

06/06/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0466

DA 16-0466

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 138N

TEURAY JERI CORNELL,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 10-232
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Teuray Jeri Cornell, Self-Represented, Shelby, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein, Assistant Attorney General, Helena, Montana

          Kirsten Pabst, Missoula County Attorney, Shaun Donovan, Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  May 3, 2017

Decided:  June 6, 2017

Filed:

                          Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Teuray Cornell appeals the Fourth Judicial District Court's denial of his motion for clarification and modification of the court's order granting his request for credit for time served. We affirm.

¶3     In August 2010, the District Court sentenced Cornell to the Department of Corrections (DOC) for ten years with eight years suspended for conspiracy to commit theft. The court sentenced Cornell in December 2010 to a concurrent sentence with the DOC for twenty years with nineteen years suspended for criminal distribution of dangerous drugs.

¶4     The District Court revoked both sentences in April 2013 because Cornell violated the terms and conditions of his judgments multiple times. The court imposed a sentence of eight years with three suspended on the conspiracy charge and nineteen years with fourteen suspended on the drug charge. The court again ordered the sentences to run concurrently. Neither revocation judgment said anything about allowing credit for elapsed time.

¶5     Cornell asked the District Court to grant him credit against the new sentence in the drug case for the time he already had served on his original sentences. In February 2016, the court issued an order granting Cornell credit against the fourteen-year suspended

portion of his sentence in the drug case for "one year and 28 days of time between June 1, 2011 and June 28, 2012 [that] he was serving" in the conspiracy case. It is unclear from the record how the court calculated Cornell's time served in the conspiracy case. During the period of time the court identified—June 1, 2011 to June 28, 2012—Cornell spent time at Montana State Prison, the Missoula County Detention Facility, and out on parole.

¶6      Cornell filed a motion for clarification and modification of the District Court's order in April 2016. Cornell requested that the court give him credit against the incarceration portion of his sentence in the drug case rather than against the suspended portion. The District Court denied Cornell's motion.

¶7      Appearing pro se on appeal, Cornell argues that the District Court improperly applied § 46-18-403, MCA. He contends that the statute requires that credit for time served must be applied against the actual incarceration time, not the suspended portion of a sentence. He requests that we remand with instructions to credit his time served in the conspiracy case against the incarceration period of his drug sentence.

¶8      We review sentences for legality. *State v. Henderson*, 2008 MT 230, ¶ 8, 344 Mont. 371, 188 P.3d 1011. Although Cornell relies on § 46-18-403(1), MCA, the controlling statute on the issue he has raised is § 46-18-203(7)(b), MCA. That section provides that, if a suspended sentence is revoked, "the judge shall consider any elapsed time and either expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as a credit." The statute further requires credit "for time served in a detention center or home arrest time already served." Section 46-18-203(7)(b), MCA. A suspended sentence is a "judicial disposition of a criminal proceeding," § 46-1-202(25), MCA, and is

3

a "sentence" that may be imposed under § 46-18-201(2), MCA. Upon revocation, the sentencing court may "require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence." Section 46-18-203(7)(a)(iii), MCA.

¶9 The District Court revoked only the suspended portion of Cornell's sentences; he was not entitled as a matter of law to receive credit for the time during which he was incarcerated on the unsuspended portion of the sentences. Nonetheless, the court had discretion under § 46-18-203(7)(b), MCA, to grant him some credit for the time elapsed. When the District Court revoked Cornell's sentences, it gave him credit and applied it to the suspended portion of his drug sentence. Cornell has not demonstrated that the District Court erred as a matter of law by granting the credit to Cornell against the suspended portion of his drug sentence.

¶10 We have held that §§ 46-18-401(1)(a) and 46-18-203(7)(b), MCA, read together, require that "credit be given for time spent in a detention center or on home arrest on all sentences that are being served concurrently." *State v. Tracy*, 2005 MT 128, ¶ 28, 327 Mont. 220, 113 P.3d 297. The District Court recognized this principle in its February 2016 order when it allowed the credit against Cornell's drug sentence, because that sentence "was to run concurrently with" the conspiracy sentence. The District Court did not expressly apply credit against Cornell's new conspiracy sentence upon revocation, either to the unsuspended portion or to the suspended portion of that sentence. Cornell does not challenge the conspiracy sentence the court imposed on revocation. In any event, Cornell still would have approximately ten years of his suspended sentence to serve in the

4

drug case if the District Court had credited Cornell's suspended sentence in the conspiracy case pursuant to *Tracy*. Thus, reducing Cornell's suspended sentence in the conspiracy case would not impact the total amount of time Cornell ultimately would serve.

¶11    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. Having reviewed the briefs and the record on appeal, we conclude that Cornell has not met his burden of persuasion. We affirm the District Court's denial of Cornell's motion for clarification and modification.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE