FILED

10/31/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0375

DA 16-0375

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 265N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ADAM LeDEAU, JR.,

      Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Sixteenth Judicial District,<br>In and For the County of Custer, Cause No. DC 2002-47<br>Honorable Michael B. Hayworth, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Ashley Harada, Harada Law Firm, PLLC, Billings, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jeffrey M. Doud,
          Assistant Attorney General, Helena, Montana

Submitted on Briefs:  August 9, 2017

Decided:  October 31, 2017

Filed:

_____
                  Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Adam LeDeau Jr. (LeDeau) appeals from a May 4, 2016 District Court order revoking his suspended sentence.  We affirm.

¶3      LeDeau plead guilty to felony sexual assault and was sentenced on April 6, 2004, to the Department of Corrections for fifteen years with all but five years suspended. LeDeau served his five-year sentence.  On September 30, 2007, LeDeau was released for probation.  On December 13, 2007, a formal petition for revocation of suspended sentence was filed.  At the June 12, 2008 formal revocation hearing, LeDeau's previous sentence was revoked and he was sentenced to the Department of Corrections for ten years with five years suspended.  LeDeau served his five-year term.  On March 22, 2013, LeDeau was released for probation.

¶4      In March 2016, a formal petition for revocation of suspended sentence was filed and LeDeau's probation officer filed an affidavit in support of the petition, alleging violation of multiple conditions of his sentence.  At the April 18, 2016 plea hearing, LeDeau was represented by counsel, and the District Court informed LeDeau of his

rights, the charges against him, and the maximum possible penalty. LeDeau denied the violation allegations.

¶5 At the May 3, 2016 formal revocation hearing, the District Court questioned LeDeau about his rights and stated, "do you understand all of those rights that were previously explained to you at the initial hearing?" LeDeau responded, "I do." The District Court then asked if LeDeau understood that those rights were still in effect. LeDeau responded, "I do." Prior to accepting LeDeau's admissions the District Court inquired if LeDeau was suffering from any physical, mental, or emotional condition that would cause him to not understand the proceedings. LeDeau stated "no."

¶6 LeDeau admitted to the violations and his probation officer testified to provide a sufficient factual basis for the violations. LeDeau requested credit for time served under probation. The District Court accepted LeDeau's admissions and sentenced him to the Department of Corrections for five years. The District Court gave LeDeau credit for the time he was incarcerated awaiting disposition, fifty-five days, and denied credit for the intervening probation period. LeDeau appeals.

¶7 We review a district court's decision to revoke a suspended sentence to determine whether the district court's decision was supported by a preponderance of the evidence in favor of the State and, if it was, whether the court abused its discretion. *State v. Goff*, 2011 MT 6, ¶ 13, 359 Mont. 107, 247 P.3d 715. The standard for revocation of a suspended sentence is whether the trial judge is reasonably satisfied that the conduct of the probationer has not been what the probationer agreed it would be if the probationer were given liberty. *Goff*, ¶ 13.

3

¶8 LeDeau argues the District Court erred by considering his previous sentence revocations, by disallowing credit for his time served under probation, and that his waiver at the formal revocation hearing on May 3, 2016, was insufficient. The State disagrees and urges the Court to uphold the District Court.

¶9 A district court may not subject a probationer to punishment twice for the same violation of sentence condition. However, a district court does not abuse its discretion by acknowledging or considering any previous violation. So long as there exists one violation, for which the probationer had received no punishment, the revocation is lawful and valid irrespective of the district court's other considerations. *See State v. Martinez*, 2008 MT 233, ¶ 20, 344 Mont. 394, 188 P.3d 1034; *State v. Johnston*, 2008 MT 318, ¶¶ 42-44, 346 Mont. 93, 193 P.3d 925. The record demonstrates that the District Court's revocation order was based on LeDeau's eight violations of his probation. The District Court did not abuse its discretion when it discussed LeDeau's previous revocations.

¶10 LeDeau argues the District Court erred when it disallowed his request for credit for time served under probation. Section 46-18-203(7)(b), MCA, provides, "if a suspended or deferred sentence is revoked, the judge shall consider any elapsed time and either expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as a credit." A district court has discretion to reject all of the time the defendant served on probation as credit toward the offender's revoked sentence. *Gundrum v. Mahoney*, 2001 MT 246, 307 Mont 96, 36 P.3d 890. Here, the District Court considered the time LeDeau spent on probation. It determined that his conduct during

probation was not satisfactory. The District Court did not abuse its discretion when it denied LeDeau's request for credit for time served under probation.

¶11 One reason the District Court determined that LeDeau's probationary period was not satisfactory was because of his failure to follow through on his financial obligations. LeDeau argues this was error under § 46-18-203(6)(b), MCA; however, he fails to argue or cite any case law or rule. This Court is not obligated to develop arguments on behalf of parties to an appeal, nor are we to guess a party's precise position, or develop legal analysis that may lend support to his position. *McCulley v. Am. Land Title Co.*, 2013 MT 89, ¶ 20, 369 Mont. 433, 300 P.3d 679. LeDeau has failed to argue this issue sufficiently on appeal. Therefore, we decline to address it.

¶12 LeDeau argues the District Court failed to review his rights before allowing him to waive his right to a formal hearing. A probationer may waive his or her right to a full revocation hearing. Section 46-18-203(5)(a), (b), MCA. For waiver of a fundamental right to be recognized by the courts, the waiver must be informed, intelligent, and voluntary. *State v. Finley*, 2003 MT 239, ¶ 32, 317 Mont. 268, 77 P.3d 193. The record establishes LeDeau was informed of his rights. LeDeau knowingly, intelligently, and voluntarily admitted to the alleged sentence violations and waived his right to the formal revocation hearing. The District Court did not abuse its discretion, nor did the court abuse its discretion when it revoked LeDeau's suspended sentence.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion

5

of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶14    Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR