ORIGINAL

FILED
05/06/2020
Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA
Case Number: OP 20-0228

# IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0228

KYLE BAILEY,

Petitioner,

v.

CAPTAIN JASON KOWALSKI,

Respondent.

FILED

MAY 06 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Kyle Andrew Bailey has filed a petition for a writ of habeas corpus, indicating that his sentence is illegal because it violates his right to be free from double jeopardy.

Available electronic records indicate that the State of Montana charged Bailey with three felonies and three misdemeanors in 2016. On July 12, 2016, the Park County District Court convicted Bailey of felony criminal possession of dangerous drugs, misdemeanor criminal possession of dangerous drugs, misdemeanor criminal possession of drug paraphernalia, and misdemeanor driving while license suspended or revoked. The court imposed a three-year deferred sentence (hereinafter 2016 sentence). The court specifically stated: "The deferred sentence is conditioned upon defendant's compliance with the follow[ing] conditions[.]"

Bailey includes a copy of the District Court's September 24, 2019 Findings of Facts and Conclusions of Law, where the court revoked Bailey's 2016 sentence. We secured a copy of the court's dispositional sentencing judgment. Bailey received a five-year commitment to the Department of Corrections with three years suspended for the felony criminal possession of dangerous drugs (hereinafter 2019 sentence upon revocation).

In his petition, Bailey requests his immediate release from prison and that his three-year deferred sentence be re-imposed. He states, though not articulated very clearly,

that his Probation Officer violated him for reasons including possession of dangerous drugs with intent to distribute and that this 2018 charge was dismissed "for reason of double jeopardy." He reasons that based upon the dismissal of his newer charge, he should be returned to serve his 2016 sentence because the Double Jeopardy Clause of the Fifth Amendment had been violated with the overlap of similar charges.

Bailey has not demonstrated that his right to be free from double jeopardy has been violated. "Simply put, double jeopardy exemplifies the legal and moral concept that no person should suffer twice for a single act." *State v. Guillaume*, 1999 MT 29, ¶ 17, 293 Mont. 224, 975 P.2d 312. Bailey received a new charge that was later dismissed; he was not reconvicted of the same offense. As he acknowledges, he had multiple violations of probation. According to the court's Findings, Bailey's Probation Officer stated in his Report of Violation that Bailey's "adjustment to supervision has been extremely poor[,]" and "that [] Bailey has quit reporting and received new charges while on active supervision." The court also concluded that Bailey "knowingly, intelligently and voluntarily entered his admissions to the allegations in the Petition to Revoke, after advice of counsel, [and] was competent to do so[.]" The court found that Bailey had violated the conditions of his deferred 2016 sentence.

Bailey's 2019 sentence upon revocation does not violate his right to be free from double jeopardy. Bailey has not received more than one sentence for the same offense. Pursuant to Montana's sentencing statutes, after a judge finds that the offender has violated his probationary conditions of a deferred sentence, a judge "may revoke the suspension of a sentence and require the offender to serve either the sentence imposed or any sentence that could have been imposed . . . ." Section 46-18-203(7)(a)(iii), MCA (2015). The District Court revoked Bailey's 2016 sentence and imposed a sentence that could have been originally imposed for the felony offense. Section 45-9-102(6), MCA.

Bailey is not entitled to his request for time served while on probation for his 2016 sentence. It is within the court's discretion to credit Bailey any time on probation, also known as street time. Section 46-18-203(7)(b), MCA(2015); *Gundrum v. Mahoney*, 2001 MT 246, ¶ 19, 307 Mont. 96, 36 P.3d 890. Under Montana statutes, a District Court

2

does not have to credit an offender with any street time. Pursuant to § 46-18-203(7)(b), MCA (2015), "[t]he judge shall state the reasons of the judge's determination [for allowing or rejecting street time credit] in the order." Section 46-18-203(7)(b), MCA (2015). Here, the court stated that: "The [c]ourt does not find that the defendant is eligible for any credit for time spent supervised in the community (street time) due to the supervising officer's recommendation and the [c]ourt's conclusion that defendant's poor record of supervision does not support such a credit." The court rejected any time served while on probation, and Bailey was properly denied this credit. *McDermott v. Dep't of Corr.*, 2001 MT 134, ¶ 45, 305 Mont. 462, 29 P.3d 992.

Bailey is procedurally barred via habeas corpus to attack his 2016 sentence upon revocation. Section 46-22-101(2), MCA. Bailey's sentence is valid; he did not receive a second punishment, and he has received all the credit he was due under the law. Bailey has not demonstrated an illegal sentence, and he is not entitled to his release. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Bailey's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Kyle Andrew Bailey personally.

DATED this _____ day of May, 2020.

_____
Chief Justice

_____
_____
_____

_____
Justices

3